**UNITED STATES of America ex rel. J. Bartlett TUTHILL, Petitioner,**

v.

**William SHERWOOD, Sheriff of Orange County, County Jail, Goshen, New York, Respondent.**

**No. 75 Civ. 3307.**

United States District Court, S. D. New York.

July 29, 1975.

John J. Hayden, Middletown, N. Y., for petitioner.

David S. Ritter, Acting Dist. Atty., Orange County, for respondent by Dennis McCormick, Asst. Dist. Atty., of counsel.

OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

J. Bartlett Tuthill, petitioner, makes this application for habeas corpus relief pursuant to 28 U.S.C. § 2254 on the grounds that he was arbitrarily de-

nied bail by a judge of the New York State court pending appeal of his state conviction and sentence for driving while intoxicated ("DWI"). A hearing was held by Hon. Robert L. Carter of this court during which the parties were limited to argument on the jurisdictional question of whether or not petitioner has exhausted his state remedies on the denial of bail pending appeal. At that time the parties were in agreement that denial of an application for bail pending appeal pursuant to N.Y. CPL §§ 460.50, 530.50 (McKinney 1971) is not an appealable order within the state court system. I find, therefore, that the jurisdictional requirement for habeas corpus relief of exhaustion of remedies has been met. However, for the reasons noted below the petition for habeas corpus will be denied.

The facts of petitioner's case are as follows. On November 25, 1974, Tuthill entered a plea of guilty to an indictment for DWI. That plea disposed of two additional charges of DWI, one of which petitioner had been indicted on, the other of which was pending. Subsequently, on March 3, 1975, petitioner was sentenced to one year imprisonment for the DWI offense to which he had pled guilty. Petitioner appealed the conviction and sentence, which appeal has not yet been perfected. According to his papers, petitioner's appeal challenges only the length of his sentence which he claims is excessive, not the fact of his conviction which was pursuant to an admittedly voluntary plea of guilty.

Thereafter, as noted above, the petitioner applied for bail pending appeal pursuant to N.Y. CPL §§ 460.50, 530.50 (McKinney 1971). On June 16, 1975, that application was denied by Justice Edward M. O'Gorman of the Supreme Court on the grounds that it was "doubtful that an appellate court would find the sentence imposed on defendant to be excessive."

The standards for granting bail pending appeal are, as petitioner correctly notes, codified in N.Y. CPL § 510.-30(2)(a) and (b)(McKinney 1971). They are: (1) the defendant's character, reputation, habits and mental condition; (2) his employment and financial resources; (3) his family ties and length of his residence in the community; (4) his criminal record; (5) his previous record with respect to court appearances or flight to avoid prosecution; (6) the merit or lack of merit of his appeal; (7) the sentence which has been imposed; and (8) the likelihood of ultimate reversal of the judgment.

The basis of petitioner's application for habeas corpus relief is that Justice O'Gorman's denial of his application for bail pending appeal was arbitrary and wilful in violation of the Fourteenth Amendment. See *United States ex rel. Siegal v. Follette*, 290 F.Supp. 632, 635 (S.D.N.Y.1968). However, just as in the *Siegal* case where the petitioner failed to show that the judge had acted arbitrarily in denying him bail pending appeal, so has Tuthill failed to sustain his burden on this point.

An application for bail pending appeal is, as petitioner concedes, addressed to the discretion of the court. Thus, although petitioner's family ties in Orange County and his employment record could certainly be positive considerations in reviewing the factors listed above, as could his previous record with respect to court appearances, considerations of his admitted alcoholism and the unlikelihood of his success on appeal are equally valid.

N.Y. CPL § 510.30 speaks of both the merit or lack of merit of the appeal *and* the likelihood of ultimate reversal (factors (6) and (8) above) as criteria which a judge is to consider in entertaining an application for bail pending appeal. These were clearly the considerations on which Justice O'Gorman based his denial of bail. In so doing, Justice O'Gorman can hardly be said, as petitioner contends, to have "wilfully misapplied the CPL § 510.30 standards" so as to have abused his discretion and acted

in arbitrary denial of petitioner's Fourteenth Amendment rights.[1]

On his appeal in the State court system the petitioner is apparently arguing that incarceration is cruel and unusual punishment under the Eighth Amendment for one convicted of DWI since he is receiving no therapy for the admitted alcoholism which he is endeavoring to overcome. In support of this argument, he points to a new State law (N.Y. Vehicle and Traffic Law McKinney's Consol.Laws, c. 71, §§ 520–23) which will treat alcoholic drivers as sick rather than criminal. He is also arguing that the publicity which surrounded a fatal accident in Orange County just prior to his being sentenced influenced the sentencing judge, Hon. Abraham Isseks, in violation of his Fourteenth Amendment rights. The publicity included criticism of the light sentences frequently imposed on DWI defendants. Petitioner also argues that his sentence was considerably harsher than that imposed on others for the same charge.

On the other hand, at the hearing before Judge Carter, petitioner's own attorney admitted that Tuthill "may be a potential menace." This was said to demonstrate the excessiveness of the one year sentence in light of the fact that Tuthill had never yet hurt anyone.[2] Moreover, the possible sentence for the Class E felony to which Tuthill pled guilty is four years. See generally *United States of America v. McGee*, 344 F.Supp. 442 (S.D.N.Y.1972). It should also be remembered that the plea of guilty disposed of two additional, similar cases which were pending against petitioner.

Petitioner cites the case of *People v. Marony*, App.Div., 347 N.Y.S.2d 964 (2d Dep't 1973) wherein bail pending appeal was granted to several defendants who had been convicted of receiving bribes and of conspiracy. They claimed, as does petitioner, that their sentences might well have been served fully prior to a determination on their appeal.[3] Although in *Marony* the judge said that the appeal need only present "arguable questions" he went on to state that the questions raised in that case appeared to have "prima facie merit." The *Marony* case is in this respect distinguishable from the case at hand. In any event, *Marony* was not binding on Justice O'Gorman in his discretionary denial of bail pending appeal.

■ Furthermore, I am neither authorized to nor will I substitute my judgment on the merits of Tuthill's appeal for that of Justice O'Gorman. My review is limited to whether or not Justice O'Gorman arbitrarily denied bail in disregard of the standards set out in N. Y. CPL § 510.30 (McKinney 1971). I find that the denial was neither arbitrary nor wilful in that it was properly based on Justice O'Gorman's evaluation of the merits of the appeal and its likelihood of success.

For these reasons the petition for a writ of habeas corpus is denied.

So ordered.

---

1. Petitioner's contention that Justice O'Gorman improperly based his denial of bail on the state's characterization of him as a "menace" is belied by the opinion of Justice O'Gorman which, while quite properly noting the state's opposition to granting bail, is clearly based on the likelihood that Tuthill's sentence will be affirmed on appeal. In light of this fact it is immaterial that the petitioner's license has been revoked.

2. Without making any finding as to the correctness of the statement, I find it noteworthy that the Attorney General's affidavit in opposition to the petition states that all three incidents involved "property and personal injury."

3. The Attorney General argues that petitioner could have proceeded in state court by way of an expedited appeal which in the experience of the Attorney General is usually accomplished within two months.