518

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM EPTON, Appellant, v. ALBERT NENNA, as Warden of Manhattan House of Detention For Men, Respondent.— Order entered January 31, 1966, denying writ of habeas corpus and remanding petitioner unanimously affirmed. Petitioner was convicted of conspiracy to riot, conspiracy to advocate criminal anarchy and criminal anarchy after trial and sentenced to imprisonment for one year on each count, sentences to run concurrently. He applied for a certificate of reasonable doubt from the Trial Judge and the same was refused. He then sued out a writ of habeas corpus returnable before a different Judge on the ground that the Trial Judge in denying the application for a certificate of reasonable doubt abused his discretion. The writ was denied and the prisoner remanded. After conviction there is no right to bail, constitutional or otherwise, in the absence of a certificate of reasonable doubt (Code Crim. Pro., § 555; People ex rel. Hummel v. Reardon, 186 N. Y. 164; see People v. Bowles, 280 App. Div. 476, 482). The situation differs from that existing before trial where the right to bail in a proper case is constitutional (People ex rel. Shapiro v. Keeper of City Prison, 290 N. Y. 393; see People ex rel. Richards v. Warden of City Prison, 277 App. Div. 87, 88–89). It follows that, the prisoner's detention being lawful, habeas corpus does not lie. Actually there is no way of testing the discretion of the Judge who denies a certificate of reasonable doubt. No appeal from such an order is provided by any statute. As appeals in criminal cases are purely by virtue of statute, the omission is conclusive. Perhaps the failure to provide for such an appeal is advised upon the ground that it is just as expeditious to test the validity of the conviction by appeal as it is to test the discretion in denying the certificate. And any interim determination by way of habeas corpus or otherwise would necessarily involve an impermissible review of one Trial Judge's discretion by another of like rank (People ex rel. Shapiro v. Keeper of City Prison, supra, p. 399). If the omission to provide for such an appeal is an inadvertence, correction lies with the Legislature. Concur — Botein, P. J., Breitel, Steuer and Staley, JJ.