**Kendall BROWN, Petitioner-Appellant,**

v.

**John WILMOT, Superintendent of Elmira Correction Center, and Louis J. Lefkowitz, Attorney General of the State of New York, Respondents-Appellees.**

**No. 701, Docket 77-2144.**

United States Court of Appeals,
Second Circuit.

Argued March 1, 1978.

Decided March 15, 1978.

Richard J. Klein, New York City, for petitioner-appellant.

David L. Birch, Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen. of State of N. Y., Samuel A. Hirshowitz, First Asst. Atty. Gen., Clement H. Berne, Deputy Asst. Atty. Gen., New York City, of counsel), for respondents-appellees.

Before ANDERSON, FEINBERG and TIMBERS, Circuit Judges.

PER CURIAM:

Kendall Brown, a prisoner in state custody, appeals from an order of Judge Werker in the United States District Court for the Southern District of New York, denying his

petition for a writ of habeas corpus.[1] Appellant was sentenced to an indeterminate prison term not to exceed seven years after his conviction for first degree robbery in the Supreme Court of New York, Bronx County. That conviction and sentence are presently on appeal to the Appellate Division of the New York Supreme Court, First Department. Meanwhile, appellant has sought bail pending his appeal pursuant to N.Y.Crim.Proc.Law § 460.50.[2] In a memorandum order dated July 21, 1977, Associate Justice Harold Birns of the First Department denied appellant's motion for bail without a statement of reasons. Appellant then unsuccessfully petitioned the federal district court for a writ of habeas corpus conditioned upon the speedy granting of bail by the state court or a statement of reasons for denying it. This appeal followed.

It is clear that there is no absolute federal constitutional right to bail pending appeal after a conviction in the state courts, see *Roberson v. Connecticut*, 501 F.2d 305, 308 (2d Cir. 1974). However, once a state provides for bail in that circumstance, the Eighth and Fourteenth Amendments impose certain limitations on the state court's discretion to grant or refuse bail. Since "we perceive no constitutional distinction between requiring excessive bail and denying bail altogether in the absence of legitimate reasons," *United States ex rel. Goodman v. Kehl*, 456 F.2d 863, 868 (2d Cir. 1972), it follows that appellant could not have been arbitrarily or unreasonably denied bail consistent with his constitutional rights. See *United States ex rel. Walker v. Twomey*, 484 F.2d 874, 875 (7th Cir. 1973); *Abbott v. Laurie*, 422 F.Supp. 976, 978 (D.R. I.1976); cf. *United States ex rel. Covington v. Coparo*, 297 F.Supp. 203, 206 (S.D.N.Y. 1969). The difficult constitutional question posed here is whether the denial of bail pending appeal without a statement of reasons is per se arbitrary or arbitrary only if no rational basis exists in the record to support the denial. *Compare United States ex rel. Abate v. Malcolm*, 397 F.Supp. 715 (E.D.N.Y.), vacated as moot, 522 F.2d 826 (2d Cir. 1975); *Abbott v. Laurie*, supra; and *United States ex rel. Bad Heart Bull v. Parkinson*, 381 F.Supp. 985 (D.S.D.1974) with *United States ex rel. Walker v. Twomey*, supra; and *Natal v. People of Puerto Rico*, 424 F.Supp. 1082 (D.P.R. 1975).[3]

1. Judge Werker did, however, issue a certificate of probable cause.

2. That section provides in relevant part:
    1. Upon application of a defendant who has taken an appeal to an intermediate appellate court from a judgment or from a sentence of a criminal court, a judge designated in subdivision two may issue an order both (a) staying or suspending the execution of the judgment pending the determination of the appeal, and (b) either releasing the defendant on his own recognizance or fixing bail pursuant to the provisions of article five hundred thirty.[1] That phase of the order staying or suspending execution of the judgment does not become effective unless and until the defendant is released, either on his own recognizance or upon the posting of bail.
    2. An order as prescribed in subdivision one may be issued by the following judges in the indicated situations:
    (a) If the appeal is to the appellate division from a judgment or a sentence of either the supreme court, or the New York City criminal court, such order may be issued by (i) a justice of the appellate division of the department in which the judgment was entered, or (ii) a justice of the supreme court of the judicial district embracing the county in which the judgment was entered;

    • • • • •

    3. An application for an order specified in this section must be made upon reasonable notice to the people, and the people must be accorded adequate opportunity to appear in opposition thereto. Not more than one application may be made pursuant to this section.
    Subsection (2) indicates that appellant could have applied either to a justice in the supreme court in the county where he was convicted or to a justice of the appellate division of the department where the judgment was entered. In either case, the application goes to a single judge acting as a trial court, see subsection (1) and there can only be one application made, see subsection (3).

3. Judge Werker applied the *Twomey* approach and denied the habeas application because the seriousness of appellant's offense indicated that the state court's denial of bail was not arbitrary despite the absence of findings. Subsequent to Judge Werker's decision, Judge Griesa held that due process requires a statement of reasons where an application for bail pending appeal is denied by a state court.

However, we do not believe that we should reach this interesting issue on the merits because it appears that appellant has not exhausted his state remedies as required by 28 U.S.C. § 2254.[4] While no direct appeal is available from Justice Birns's order, see *People of State of New York ex rel. Klein v. Krueger*, 25 N.Y.2d 497, 500, 307 N.Y.S.2d 207, 255 N.E.2d 552 (1969), it is likely that a state habeas corpus application would be available here, especially since the Attorney General's representative informed us at oral argument that if there were a habeas corpus petition in the state courts he would recommend that it not be opposed on procedural grounds. Appellant candidly states that he has not attempted to bring a state habeas petition, but argues that no collateral state relief is available, see, e. g., *Matter of Lefkowitz v. Cioffi*, 46 A.D.2d 473, 363 N.Y.S.2d 583 (1st Dept. 1975); *People of State of New York ex rel. Epton v. Nenna*, 25 A.D.2d 518, 267 N.Y.S.2d 267 (1st Dept. 1966). However, these decisions seem to hold only that an alleged abuse of discretion in denying bail may not be challenged in a state habeas proceeding. These cases do not appear to foreclose the substantial probability that appellant would be able to challenge the *constitutionality* of a refusal to grant bail without a statement of reasons. See *United States ex rel. Carmona v. Ward*, 416 F.Supp. 272 (S.D.N.Y.1976); but see *United States ex rel. Tuthill v. Sherwood*, 399 F.Supp. 32, 33 (S.D.N.Y.1975). We do not think it appropriate for this court to guess what constitutional issues New York courts will or will not entertain in a habeas

proceeding. As we recently reiterated in *Wilson v. Fogg*, 571 F.2d 91 at 95 (2d Cir. 1978), " '[e]ven if there were some doubt as to the availability of relief in the New York courts, we still would give its courts the first chance to review their alleged errors so long as they have not authoritatively shown that no further relief is available.' *United States ex rel. Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964)." See *Kaplan v. Bombard*, 573 F.2d 708, 710 & n. 1 (2d Cir. 1978).

Therefore, we affirm the denial of the petition for a writ of habeas corpus, but solely on the ground that state remedies should be exhausted. Our order is without prejudice to appellant's right to renew his petition should relief be denied in the New York state courts.

---

*Flowers v. Greco*, 445 F.Supp. 979 (S.D.N.Y. 1978). See also FRAP 9(b).

4. 28 U.S.C. § 2254 provides in relevant part:
    (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
    (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is

either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.
    (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.