Vito FINETTI, Petitioner-Appellee,

v.

David HARRIS, Superintendent of Greenhaven Correctional Facility, Respondent-Appellant.

No. 621, Docket 78–2145.

United States Court of Appeals, Second Circuit.

Argued Feb. 9, 1979.

Decided Sept. 12, 1979.

Charlotte C. Lee, Deputy Asst. Atty. Gen. of the State of New York, New York City (Louis J. Lefkowitz, Atty. Gen., and Samuel J. Hirshowitz, First Asst. Atty. Gen., New York City, on the brief), for respondent-appellant.

John J. Hayden, Goshen, N. Y., for petitioner-appellee.

Before WATERMAN, MANSFIELD and TIMBERS, Circuit Judges.

TIMBERS, Circuit Judge:

On this appeal from a judgment entered in the Southern District of New York, Charles E. Stewart, *District Judge*, 460 F.Supp. 1069, granting a state prisoner's petition for a writ of habeas corpus, the issues presented are virtually identical to those raised on appeal before this Court in *Brown v. Wilmot*, 572 F.2d 404 (2 Cir. 1978) (per curiam), namely: (1) whether petitioner sufficiently exhausted his state remedies pursuant to 28 U.S.C. § 2254(b) and (c) (1976) to entitle him to apply for federal habeas corpus relief; and (2) if he has, whether the district court erred in granting the petition on the ground that a state court's denial of bail pending appeal without giving a statement of reasons for such denial is arbitrary per se and a violation of the Eighth and Fourteenth Amendments.

For the reasons below, we hold (1) on the facts of this case, that the district court correctly held that petitioner has done all that is required for purposes of the exhaustion requirement and therefore is entitled to apply for federal habeas corpus relief; but (2) that the district court erred in holding that a state court's denial of bail pending appeal without giving a statement of reasons is arbitrary per se. Only if there is no rational basis in the record to support the denial of bail may there be a violation of a state prisoner's constitutional rights. Since there is adequate support in the record in the instant case to justify the denial of bail, we reverse the judgment of the district court which granted the petition for a writ of habeas corpus.

**I.**

Petitioner Vito Finetti was convicted, after a jury trial in the County Court, Orange County, New York, of the crimes of robbery in the first degree and grand larceny in the second degree. He was sentenced on February 2, 1978 to an indeterminate term of

imprisonment of 8⅓ years to 25 years. He presently is incarcerated at the Greenhaven Correctional Facility, Stormville, New York.

On February 9, 1978, Finetti filed a notice of appeal to the Appellate Division, Second Department, from his judgment of conviction.[1] At that time, his motion for a stay and for bail pending appeal, pursuant to N.Y.Crim.Proc.Law § 460.50 (McKinney 1971), was denied by Presiding Justice Milton Mollen of the Appellate Division, Second Department. No reasons were stated by Justice Mollen for denying bail.

Finetti then filed his first petition for a writ of habeas corpus in the District Court for the Southern District of New York. He alleged that the Appellate Division's denial of bail pending appeal without a statement of reasons was unconstitutional. Relying on our decision in *Brown v. Wilmot, supra*, Judge Stewart on April 7, 1978 denied the petition without prejudice on the ground that Finetti had failed to exhaust his state remedies.

Finetti then moved in the Appellate Division for reargument[2] of that court's order of February 9, 1978 which denied bail pending appeal. On May 29, 1978, the Appellate Division denied the motion for reargument.

On June 15, 1978, Finetti attempted to file a petition for a writ of habeas corpus in the Appellate Division, Second Department, alleging that the denial of bail pending appeal without a statement of reasons was unconstitutional. The clerk of the Appellate Division informed Finetti's attorney by a letter dated June 19, 1978 that such an application for a writ of habeas corpus "may not be entertained because there is no basis for a finding of illegal detention."[3]

On July 2, 1978, following receipt of this letter, Finetti filed a second petition for a writ of habeas corpus in the Southern District of New York.

In a carefully reasoned opinion filed November 16, 1978, Judge Stewart first considered whether Finetti had exhausted available state remedies under *Brown v. Wilmot, supra.* He concluded that he had. The judge stated that Finetti's state petition for a writ of habeas corpus had been frustrated, not because of any judicial action, but because of an act of the clerk which is not appealable. The only alternatives available to Finetti would be to require him to return to the clerk in an attempt to persuade the clerk to accept the petition or to commence a collateral proceeding, such as mandamus, to compel the clerk to accept the petition. The judge concluded that such extraordinary measures were not required under *Brown.*

He then considered the merits of Finetti's constitutional claims. After examining the various conflicting decisions on the question, he stated that, while there is not an absolute federal constitutional right to bail pending appeal, once a state provides for bail pending appeal, it may not be denied

---

1. The appeal is presently pending before the Appellate Division, Second Department.

2. The original motion for bail was decided on affidavits and supporting papers submitted by both sides. Neither side requested oral argument.

 N.Y.Crim.Proc.Law § 460.50, subsection 3., expressly provides that "[n]ot more than one application may be made pursuant to this section."

3. The full text of the clerk's letter to Finetti's attorney is as follows:

 "June 19, 1978

 John J. Hayden, Esq.
 252 Main Street
 Goshen, N.Y. 10924
 RE: *PEOPLE V. FINETTI*
 Dear Mr. Hayden:

 The application for a writ of habeas corpus, dated June 15, 1978, in the above matter, may not be entertained because there is no basis for a finding of illegal detention.
 A defendant is not entitled as of right to bail pending appeal. The application for a certificate to stay execution is granted as a matter of discretion. This defendant made application twice to Presiding Justice Mollen, who denied the applications on February 9, 1978 and May 29, 1978. CPL 460.50 states that such an application may be made only once. A second application for bail pending appeal may not be made under the guise of a habeas corpus application.

 Very truly yours,
 Irving N. Silkin
 Clerk."

without a statement of reasons for the denial. He concluded that denial of bail here pending appeal without a statement of reasons was arbitrary per se and as such violated petitioner's constitutional rights.

Accordingly, Judge Stewart conditionally granted the petition for a writ of habeas corpus. He ordered a stay of its enforcement for twenty days and authorized its dissolution if the state court within that period were to set forth a statement of reasons for its denial of bail or, on motion of petitioner, were to provide a hearing on the bail issue followed by either a grant of reasonable bail or a statement of reasons supporting its denial of bail.

From the judgment entered on Judge Stewart's opinion, the instant appeal has been taken.

## II.

Against this statement of the facts and prior proceedings, we turn first to the question whether Finetti has exhausted his available state remedies. We agree with Judge Stewart that he has.

■ It is elementary under *Picard v. Connor*, 404 U.S. 270 (1971), that a state prisoner who petitions for a writ of habeas corpus under 28 U.S.C. § 2254 (1976) first must present to the state court "the *same* claim he urges upon the federal courts." *United States ex rel. Nelson v. Zelker*, 465 F.2d 1121, 1124 (2 Cir.), *cert. denied*, 409 U.S. 1045 (1972) (emphasis in original). We consistently have required exhaustion, recognizing that it is not a mere "formal hurdle placed in the way of meritorious claims, but an essential element of federalism in the administration of criminal justice." *Fielding v. LeFevre*, 548 F.2d 1102, 1106 (2 Cir. 1977). Indeed, unless a state prisoner first gives the state courts "an opportunity to apply controlling legal principles" to the claims asserted, *Picard v. Con-*

nor, *supra*, 404 U.S. at 277, we have held that dismissal by the federal courts is required. *Wilson v. Fogg*, 571 F.2d 91, 92 (2 Cir. 1978); *Fielding v. LeFevre, supra,* 548 F.2d at 1107.

■ It is further well established, as Judge Stewart held below, that there is no absolute federal constitutional right to bail pending appeal after a conviction in the state courts. *Brown v. Wilmot, supra*, 572 F.2d at 405; *Roberson v. Connecticut*, 501 F.2d 305, 308 (2 Cir. 1974); *People ex rel. Epton v. Nenna*, 25 A.D.2d 518, 267 N.Y.S. 2d 267, 268 (1st Dept.), *motion for leave to appeal withdrawn*, 17 N.Y.2d 422, 216 N.E.2d 32, 268 N.Y.S.2d 1028 (1966). Moreover, N.Y.Crim.Proc.Law § 460.50 provides that only one application for bail pending appeal may be made; and since there is no statutory provision permitting direct appeal from an order denying bail pending appeal, such an order is not appealable as of right. *See People ex rel. Klein v. Krueger*, 25 N.Y.2d 497, 500, 255 N.E.2d 552, 555, 307 N.Y.S.2d 207, 210 (1969); *People ex rel. Epton v. Nenna, supra*. We therefore agree with Judge Stewart that Finetti has exhausted all available means of direct appeal to the state appellate courts from the order denying bail.

This, however, does not end our inquiry. In *Brown v. Wilmot, supra*, we held that, even though there is no right to a direct appeal from an order denying bail pending appeal, exhaustion requires a state prisoner to have commenced a state habeas corpus proceeding for the purpose of raising the same constitutional challenges to the denial of bail as he seeks to present in his federal habeas corpus proceeding. While it was unclear at the time of *Brown* whether such a collateral proceeding was available under New York law to challenge the constitutionality of a refusal to grant bail without a statement of reasons,[4] we held that it was

---

4. In *Brown*, the New York Attorney General's representative informed the Court that he would not oppose a state habeas petition on procedural grounds. Moreover, we noted that the cases cited by appellant did not foreclose the possibility that the state court would consider a constitutional challenge to the refusal to

grant bail without a statement of reasons. 572 F.2d at 406. Since *Brown*, so far as we know, there has not been a definitive statement by the New York courts holding that such a constitutional challenge would or would not be cognizable on a state habeas petition.

"[in]appropriate for this court to guess what constitutional issues New York courts will or will not entertain in a habeas proceeding." 572 F.2d at 406. Considerations of comity required that " '[e]ven if there were some doubt as to the availability of relief in the New York courts, we still would give its courts the first chance to review their alleged errors so long as they have not authoritatively shown that no further relief is available.' *United States ex rel. Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964)." *Wilson v. Fogg, supra*, 571 F.2d at 95, *cited in Kaplan v. Bombard*, 573 F.2d 708, 710 & n.1 (2 Cir. 1978).

■ In the instant case, Finetti attempted to file a state petition for habeas corpus relief, as suggested by our decision in *Brown*. The clerk of the Appellate Division, however, rejected the petition in the belief that such a petition "may not be entertained because there is no basis for a finding of illegal detention." Since the clerk's "decision" apparently is not appealable, *see People ex rel. Wilkes v. Fay*, 27 A.D.2d 860, 278 N.Y.S.2d 581 (2nd Dept. 1967), all avenues of state review of the order denying bail pending appeal appear to have been foreclosed to Finetti.

The State of New York argues, however, that it still is unclear whether a state habeas corpus proceeding is available to test the constitutionality of denial of bail pending appeal, since the clerk's rejection of the petition here does not establish that the state courts have "authoritatively shown that no further relief is available." *Wilson v. Fogg, supra*, 571 F.2d at 95, *quoting from United States ex rel. Bagley v. LaVallee, supra*, 332 F.2d at 892. The State contends that Finetti should be required to commence an Article 78 proceeding to compel the clerk to accept the petition for habeas corpus, thus giving the state courts "an opportunity to set their own Constitutional houses in order before the power of the federal courts is invoked." *Fielding v. LeFevre, supra*, 548 F.2d at 1106.

Judge Stewart concluded that the exhaustion requirement of § 2254 does not require state prisoners to pursue such extraordinary efforts in an attempt to obtain state court review. We agree. We reaffirm our requirement that state prisoners must exhaust all available avenues of resort to the state courts prior to commencing a habeas corpus action in the federal courts, because of the importance of giving the state courts the first opportunity to review alleged errors in the state proceedings. The clerk's action here, however, in refusing to accept Finetti's petition rendered inadequate any available state court remedies. *See, e.g., Phillips v. Smith*, 300 F.Supp. 130, 132 (S.D.Ga.1969); *United States ex rel. East v. Rundle*, 281 F.Supp. 118, 119 (E.D.Pa.1968). A collateral state court proceeding in the nature of mandamus might or might not ultimately result in state court review of Finetti's claims. If the state courts should refuse to grant a writ of mandamus, or other appropriate relief, to compel the clerk to accept the state habeas petition, Finetti would be no closer to a resolution of his constitutional claims than he is now.

Moreover, since Finetti presently is incarcerated awaiting a decision on the merits of his state court appeal from his judgment of conviction, we think that he is entitled to a ruling by our Court on his claimed unconstitutionality of the denial of bail pending appeal. To require him to convince the clerk to accept his petition or to compel him to file a state petition for mandamus not only would result in considerable delay; it might not produce any benefits "in terms of federal-state comity or the efficient administration of justice." *Emmett v. Ricketts*, 397 F.Supp. 1025, 1047 (N.D.Ga.1975) (Moye, J.). Indeed, to require him to pursue such remedies, as Judge Friendly has suggested, might "invite the reproach that it is the prisoner rather than the state remedy that is being exhausted." *United States ex rel. Kling v. LaVallee*, 306 F.2d 199, 203 (2 Cir. 1962) (Friendly, J., concurring).

Accordingly, we hold, on the facts of this case, where action by a court clerk prevented state court review of the prisoner's claim, that the exhaustion requirement has been satisfied, since he has pursued all avenues of direct appeal from the denial of bail pending appeal and has made an unsuccessful attempt to obtain state court habeas review of the denial of bail.

## III.

■ Having held that Finetti has exhausted state remedies, we turn next to the question whether a denial of bail pending appeal without a statement of reasons for such denial is arbitrary per se and unconstitutional. We hold that considerations of federal-state comity require that federal courts, when examining state courts' denial of bail pending appeal, must presume regularity on the part of the state courts and that denial of bail without a statement of reasons is not arbitrary per se.

■ As stated above, while there is no absolute federal constitutional right to bail pending appeal, once a state makes provision for such bail, the Eighth and Fourteenth Amendments require that it not be denied arbitrarily or unreasonably. *Brown v. Wilmot, supra,* 572 F.2d at 405. Indeed, we have held that there is "no constitutional distinction between requiring excessive bail and denying bail altogether in the absence of legitimate reasons." *United States ex rel. Goodman v. Kehl,* 456 F.2d 863, 868 (2 Cir. 1972). The specific question presented here is that which we left open in *Brown v. Wilmot, supra,* 572 F.2d at 405, namely, "whether the denial of bail pending appeal without a statement of reasons is per se arbitrary or arbitrary only if no rational basis exists in the record to support the denial."

Other courts, including district courts within this Circuit, have reached different conclusions on the question. Some have held that denial of bail pending appeal without a statement of reasons is arbitrary per se; others have held that a presumption of regularity attaches to a state court's denial of bail and that the defendant bears the burden of showing that there is no rational basis in the record to support such denial.[5]

In holding that the denial of bail in the instant case without a statement of reasons was arbitrary per se, Judge Stewart focused on the problems faced by a federal court when a state court denies bail without stating its reasons for doing so:

"It should not be the province of the federal district court to review the record and search out factors which would support a denial of bail. Rather, this should be done and the reasons explicated by the court which rules on the bail application. In the present case, we have no insight whatsoever into why bail was denied. So far as we can tell, there may be perfectly valid reasons for the state court's decision. However, in the absence of any indication as to what these reasons are, we cannot say with certainty that petitioner's constitutional rights have not been violated."

We are not insensitive to Judge Stewart's thoughtful statement of the predicament faced by a federal court when called upon to "review" a state court's decision to grant or deny bail without a statement of reasons. Historically, it has been recognized that the trial court is "the superior tribunal for the kind of information-gathering which a sound foundation for a bail ruling almost inevitably requires." *United States v.*

---

5. *Compare United States ex rel. Smith v. Twomey,* 486 F.2d 736 (7 Cir. 1973), *cert. denied,* 416 U.S. 994 (1974); *United States ex rel. Walker v. Twomey,* 484 F.2d 874 (7 Cir. 1973) (per curiam); *Natal v. People of Puerto Rico,* 424 F.Supp. 1082 (D.P.R.1975); *United States ex rel. Rainwater v. Morris,* 411 F.Supp. 1252 (N.D.Ill.1976); *Starkey v. Swenson,* 370 F.Supp. 594 (E.D.Mo.1974) (defendant bears burden of establishing no rational basis in the record for the denial of bail) *with Flowers v. Greco,* 445 F.Supp. 979 (S.D.N.Y.1978), *vacated on other grounds,* 582 F.2d 1271 (2 Cir. 1978); *Abbott v. Laurie,* 422 F.Supp. 976 (D.R.I.1976); *United States ex rel. Abate v. Malcolm,* 397 F.Supp. 715 (E.D.N.Y.), *vacated as moot,* 522 F.2d 826 (2 Cir. 1975); *United States ex rel. Bad Heart Bull v. Parkinson,* 381 F.Supp. 985 (D.S.D.1974) (denial without a statement of reasons is arbitrary per se).

*Stanley,* 469 F.2d 576, 581–82 (D.C.Cir. 1972). Moreover, it cannot be gainsaid that a well articulated statement of reasons for denial of bail pending appeal usually would facilitate a federal court's determination whether there is a rational basis for such denial. *See United States ex rel. Walker v. Twomey,* 484 F.2d 874, 876 (7 Cir. 1973). Indeed, F.R.A.P. 9(b) *requires* in criminal cases in the *federal* courts that the judge "state clearly and categorically his reasons for denying bail so that in reviewing his decision this court . . . may be fully advised regarding the basis for his action." *United States v. Manarite,* 430 F.2d 656, 657 (2 Cir. 1970) (per curiam).

 Despite the undoubted advisability, however, of the practice of stating—in a separate document or in a clearly identified place in the record—the reasons for denial of bail pending appeal, we decline to impose such a procedural requirement upon the state courts. *See United States ex rel. Walker v. Twomey, supra,* 484 F.2d at 876. Applications for bail pending appeal usually are addressed initially to the sound discretion of the trial court.[6] *See, e. g., United States ex rel. Diller v. Greco,* 426 F.Supp. 375, 378 (S.D.N.Y.1977); *United States ex rel. Tuthill v. Sherwood,* 399 F.Supp. 32 (S.D.N.Y.1975). Although federal habeas corpus is an appropriate procedure for seeking relief from arbitrary and unconstitutional denial of bail, *United States ex rel. Goodman v. Kehl, supra,* federal district courts "do not . . . sit as appellate courts to review the use or abuse of discretion" of state courts in the granting or withholding of bail pending appeal. *Bloss v. Michigan,* 421 F.2d 903, 906 (6 Cir. 1970). *Accord, Hamilton v. New Mexico,* 479 F.2d 343, 344 (10 Cir. 1973); *United States ex rel. Diller v. Greco, supra,* 426 F.Supp. at 378. As the Fifth Circuit stated in *Simon v. Woodson,* 454 F.2d 161, 165 (5 Cir. 1972):

"Any other rule would not only commit the federal courts to the burdensome task

of hearing evidence upon and setting bail *de novo* in a host of criminal cases, but also and much more intolerable, such a rule would authorize an unwarranted and unconstitutional encroachment upon the prerogatives of the states in the due administration of their processes of criminal justice."

Although *Simon* dealt with a challenge to the *amount* of bail fixed by the state court, the policy of avoiding unconstitutional encroachments upon state court bail prerogatives is equally applicable here. In *Wallace v. Kern,* 520 F.2d 400 (2 Cir. 1975), *cert. denied,* 424 U.S. 912 (1976), we rejected an attempt by a federal district court in this Circuit to impose various new bail procedures on the New York state courts in Kings County, including the requirement of a "written statement of the reasons for denying or fixing bail". *Id.* at 403 n. 7. Judge Mulligan, writing for our Court in reversing the district court, stressed the policy basis for federal non-intervention in state criminal proceedings:

"The proposition that the principles underlying *Younger* are applicable only where the federal court is seeking to enjoin a pending state criminal prosecution is not supportable. Certainly this court in *Wallace I* and *II* did not agree. In *Wallace I* this court warned that ' "under the principle known as comity a federal district court has no power to intervene in the internal procedures of the state courts." ' " *Id.* at 405, *quoting from Wallace v. Kern,* 481 F.2d 621, 622 (2 Cir. 1973) (per curiam) (footnote omitted).

In *Arizona v. Washington,* 434 U.S. 497 (1978), the Supreme Court considered an analogous problem in the context of whether a state trial judge must state explicitly his findings and reasons to support his mistrial ruling on the issue of "manifest necessity" so as to avoid a plea of double jeopardy. The Court stated:

---

**6.** In New York, the procedure is governed by N.Y.Crim.Proc.Law § 460.50 (McKinney 1971) which provides for applications for bail pending appeal to be addressed either to a justice of the supreme court in the county where the judgment of conviction was entered or to a

justice of the appellate division of the department where the judgment was entered. In either case, the application is made to a single judge acting as a trial court. *See Brown v. Wilmot, supra,* 572 F.2d at 405 n. 2.

"Review of any trial court decision is, of course, facilitated by findings and by an explanation of the reasons supporting the decision. No matter how desirable such procedural assistance may be, it is not constitutionally mandated in a case such as this. . . . The state trial judge's mistrial declaration is not subject to collateral attack in a federal court simply because he failed to find 'manifest necessity' in those words or to articulate on the record all the factors which informed the deliberate exercise of his discretion." *Id.* at 517 (footnote omitted). *See United States v. Grasso,* 600 F.2d 342 (2 Cir. 1979) (on remand from Supreme Court).

■ Based on these considerations of comity and federalism,[7] we hold that the mere failure of the state court to articulate reasons for its denial of bail pending appeal does not create a "presumption of arbitrariness." *United States ex rel. Walker v. Twomey, supra,* 484 F.2d at 875. Rather, judgments of the state courts, when attacked collaterally through a federal habeas corpus petition, carry a "presumption of regularity." *Johnson v. Zerbst,* 304 U.S. 458, 468 (1938). This presumption may be overcome; but the defendant bears the burden of showing that there is no rational basis in the record for the denial of bail. This is the approach taken by the Seventh Circuit in dealing with the question. *United States ex rel. Smith v. Twomey, supra; United States ex rel. Walker v. Twomey, supra.* We believe that it is the correct approach in light of the policy considerations involved. Accordingly, we follow the Seventh Circuit.

This rule, however, does not leave the state prisoner without any procedural protection with respect to bail pending appeal. N.Y.Crim.Proc.Law § 510.30(2)(a) and (b) (McKinney 1977) states certain factors

which the judge should consider in exercising his discretion to grant or deny bail. Two of the chief considerations in an application for bail pending appeal are the likelihood of flight after conviction in the trial court and the danger to the community if the convicted defendant were released on bail. Among the factors to be considered are the defendant's character and reputation, his employment and financial resources, his family ties and length of residence in the community, his criminal record if any, his previous record in responding to court appearances, the sentence which has been imposed, and the likelihood of ultimate reversal of the judgment.

■ On the record before us, we find an adequate rational basis for the state court's denial of bail. In Finetti's favor, the record shows that he was a first offender, he had lived in the community for 17 years, he owned a house and a successful auto body repair business, he was released on bail prior to trial, and he appeared in court for all scheduled appearances. On the other side of the scales, the record shows that the type of crime involved "a calculated, planned plotted robbery of a helpless old man and his helpless old wife, who happens (sic) to live in a somewhat isolated area, who just happened to have some very valuable merchandise." In sentencing Finetti, the judge stated:

"Now, this is a vicious crime. It was a serious crime. It was not only that, it was a most aggravated type of crime. Not only letting aside the fact that you were all armed with pistols, that it was a threat, that it was calculated, that it was a break-in, that it was a most aggravating, planned, a calculated set-up crime. It was not an impulsive or spur of the moment thing. . . ."

Immediately after imposing sentence and following an extensive explanation to Fin-

---

7. Aside from our declining, for reasons of comity, to impose a requirement that state courts must give a statement of reasons for denying bail pending appeal, we recognize that to impose such a requirement on the state courts would create an insurmountable burden for state judges. Counsel for the State of New York in the instant case informed us that in

1978 the Criminal Court of the City of New York processed 224,109 cases. This resulted in an average of 16 dispositions per judge each day.

Although the figures for applications for bail pending appeal were not available, we assume that the number of such applications is correspondingly great.

etti of the reasons for the sentence, the judge stated that he had received a copy of his application to the Appellate Division for bail pending appeal. With respect to this application, the judge stated that "if this application had been made to this Court for bail, this Court would deny that bail."

We do not say that denial of bail pending appeal was the *only* conclusion which the record in the instant case would have supported. We do say, drawing on our own experience on the trial bench, that bail decisions are predicated on a delicately calibrated balancing, on the one hand, of concern for the rights of the defendant and, on the other hand, of concern for the protection and security of the community.[8] Here the record discloses that there was a *rational basis* for the decision to deny bail. As such it passes constitutional muster.[9]

We affirm the district court's determination that Finetti exhausted available state remedies; but we reverse the judgment of the district court granting the petition for a writ of habeas corpus, since there was no violation of Finetti's federal constitutional rights.

Affirmed in part; reversed in part.

MANSFIELD, Circuit Judge (concurring):

I concur thoroughly in Parts I and II of Judge Timbers' carefully considered opinion. With respect to Part III, I concur in the result.

With due respect for comity, the guarantees of the Eighth and Fourteenth Amendments against arbitrary denial of bail could easily be nullified in many cases by a trial judge's mere silence, which would render it impossible for any reviewing court to determine whether the denial was discriminatory or arbitrary in the absence of a stated reason. Hence I do not subscribe to the principle that the judge must be "presumed" to have acted rationally in every denial.

If the defendant's constitutional rights are to mean anything, the judge should be required to state his reasons for denying bail, at least in cases where the record does not clearly show a rational basis for his action. The burden on the judge is minimal. A statement, even if only in a few words, would provide rudimentary protection against arbitrariness in the making of a basic decision involving human liberty.

In the present case I concur on the limited ground that the record furnishes ample reasons for denial of bail.

---

**8.** The record shows that the trial judge, prior to noting that he would deny bail if the application had been made to him, stated:

> "I believe that the primary object of any penal philosophy must be the protection and security of the community."

Then, on the very next page of the transcript, the last thing the trial judge said to Finetti before imposing a sentence of imprisonment of 8⅓ years to 25 years was the following:

> "I say this and I want the record to be perfectly clear, that based upon the type of crime involved, the manner in which it was committed, and the underlying facts of this crime and to some extent—yes, I will say for the record the fact that you were involved in another deliberate set-up, planned type of crime at or about the same time of this instant crime is considered by me. I feel that the sentence I impose, if I had the power to do so I would impose a more serious sentence."

Of course the same record upon which the trial judge acted, including his sentencing remarks, was before the Presiding Justice of the Appellate Division who denied bail pending appeal.

**9.** The distinction between our function of determining questions of bail in connection with direct appeals from convictions in the *federal* district courts as contrasted with our function of determining whether *state* court action regarding bail passes constitutional muster was pointed out by the Seventh Circuit in *United States ex rel. Walker v. Twomey, supra,* 484 F.2d at 876:

> "It does not necessarily follow that present federal judicial policy, either substantive or procedural, with respect to bail pending appeal from a criminal conviction, is an exact measure of a right with respect to bail on appeal, protected against state action by the fourteenth amendment."