James **DANYLOCKE**, Petitioner,

v.

Stephen **DALSHEIM**, Respondent.

No. 87 Civ. 2320 (GLG).

United States District Court,
S.D. New York.

July 1, 1987.

John J. Hayden, Goshen, N.Y., for petitioner.

Francis D. Phillips, II, Dist. Atty., Goshen, N.Y., Barbara Straus, Asst. Dist. Atty., for State.

MEMORANDUM DECISION

GOETTEL, District Judge.

In this habeas corpus action, the petitioner challenges the failure of the state courts to release him on bail pending appeal. The uncontested facts are as follows. The petitioner was charged with sexual abuse in the first degree. He waived trial by jury and, in December 1986, was found guilty of the charged offence. On February 8, 1987, he was sentenced to a period of imprisonment of two and one-half to seven years. He filed a timely notice of appeal, and moved for an order, pursuant to N.Y.Crim. Proc.L. & R. § 460.50 (McKinney 1983), staying execution of judgment and fixing bail in a reasonable amount, pending determination of his appeal. On March 6, 1987, the Hon. Milton Mollen, Presiding Justice of the Appellate Division, Second Department, denied the petitioner's application for a stay pending appeal. No reasons were stated for the decision. The petitioner then filed a petition for state habeas corpus relief. On March 30, 1987, Justice Mollen heard oral argument and dismissed the petition, noting that habeas corpus "is not an appropriate vehicle to review [a denial of bail pending appeal]." No appeal was taken to the New York Court of Appeals.

On April 7, 1987, the petitioner filed this federal habeas corpus action, alleging that the state decision denying him bail failed to articulate a rational basis for the denial and, therefore, violated his rights under the fifth, eighth, and fourteenth amendments to the United States Constitution.

1. Exhaustion of state remedies.

The respondent here argues that state court remedies have not been exhausted because, although a state habeas petition was filed and dismissed, no attempt was made to appeal that decision to the New York Court of Appeals. The petitioner contends that the procedural background of this case is almost identical to *Finetti v. Harris*, 609 F.2d 594 (2d Cir.

1979), in which the Second Circuit found that state remedies had been exhausted. In *Finetti,* after the defendant was convicted in state court, he filed a notice of appeal and moved for a stay of sentence. His application for bail and a stay was denied by Presiding Justice Mollen, without opinion. Finetti then tried to file a petition for a writ of habeas corpus in state court, alleging that denial of bail pending appeal, without a statement of reasons, was unconstitutional. The Clerk of the Appellate Division, Second Department, refused to file the petition, noting as follows:

"A defendant is not entitled as of right to bail pending appeal. The application for a certificate to stay execution is granted as a matter of discretion. This defendant made application twice to Presiding Justice Mollen, who denied the applications.... CPL 460.50 states that such an application may be made only once. A second application for bail pending appeal may not be made under the guise of a habeas corpus application."

*Finetti v. Harris, supra,* 609 F.2d at 596 n. 3 (quoting Clerk's letter to Finetti's attorney). Thereafter, Finetti brought his habeas corpus petition in federal district court.

The respondent in *Finetti* argued that, before Finetti could be said to have exhausted his state remedies, he should be required to commence a collateral proceeding in state court to compel the Clerk to accept his state habeas petition for filing. The Second Circuit rejected this argument, noting that it would cause considerable delay and would not guarantee that the state court would review Finetti's claims. *Finetti v. Harris, supra,* 609 F.2d at 598. The Second Circuit affirmed the district court's ruling that Finetti had exhausted his state remedies, and held that exhaustion requirements do not require state prisoners to pursue extraordinary efforts in an attempt to obtain state court review. *Id.*

The only difference between this case and *Finetti* is that in the latter, the state habeas corpus petition was rejected by the Clerk, while Danylocke's state petition was dismissed by the Presiding Justice of the Appellate Division, Second Department, as

being an inappropriate vehicle for review. Danylocke would have no appeal as of right from that dismissal. Thus, to force him to seek review by the New York Court of Appeals, which almost certainly would not be forthcoming, invites the same criticism noted in *Finetti, i.e.,* "'that it is the prisoner rather than the state remedy that is being exhausted.'" *Finetti v. Harris, supra,* 609 F.2d at 598 (quoting *United States ex rel. Kling v. LaVallee,* 306 F.2d 199, 203 (2d Cir.1962) (Friendly, J., concurring)). If the Clerk's action in refusing to accept the petition was adequate to demonstrate exhaustion of state remedies, we believe that the Presiding Justice's dismissal of a habeas petition, for the same reasons expressed by the Clerk in the letter quoted above, is equally adequate. We conclude, therefore, that state remedies have been exhausted.

2. Denial of bail pending appeal.

The petitioner contends that the state's failure to articulate reasons for denying him bail pending appeal violates his constitutional rights. There is no constitutional right to bail pending appeal. *See Brown v. Wilmot,* 572 F.2d 404, 405 (2d Cir.1978). The eighth amendment prohibits excessive bail. But, even prior to trial, the right to bail is not absolute. *See Bloss v. Michigan,* 421 F.2d 903, 905 (6th Cir.1970). A court may deny bail prior to trial if a defendant is likely to flee the court's jurisdiction and thus frustrate the judicial process, or is shown to be a substantial threat to the community. 18 U.S.C. § 3142(e) (1982 ed., Supp. III 1985); *see United States v. Salerno,* — U.S. —, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) (upholding the constitutional validity of pretrial detention based on the sole ground that the defendant would be a danger to the community).

Although not constitutionally required, New York state law permits a defendant to be released on bail pending appeal of his conviction. N.Y.Crim.Proc.L. & R. § 460.-50 (McKinney 1983). An application for this relief can be made only once, to a single state judge, within whose discretion the decision rests. The decision is not reviewable in state court, either on appeal or,

apparently, by means of a state habeas corpus petition. If the application is denied, state prisoners often file federal habeas corpus petitions claiming their constitutional rights were violated.

A number of cases in this Circuit have held that, although a convicted state defendant has no constitutional right to bail pending appeal, once a state provides for the possibility of such relief, the state cannot arbitrarily or unreasonably deny it. *See Finetti v. Harris, supra,* 609 F.2d at 599; *Brown v. Wilmot, supra,* 572 F.2d at 405; *United States ex rel. Cameron v. New York,* 383 F.Supp. 182, 184 (E.D.N.Y. 1974). However, not every allegation of arbitrary action by a state rises to the level of a constitutional violation. *See id.*

In *Finetti v. Harris, supra,* the Second Circuit was faced with the question of whether the failure of the state court to explain its reasons for denying bail pending appeal was *per se* arbitrary and, therefore, a violation of the prisoner's constitutional rights. The district court found that it was. However, on appeal, the Second Circuit reversed this ruling, holding that, in the interest of comity, a federal court may not require a state court to explain its reasons for denying bail pending appeal. Rather a federal court must give the state decision the presumption of regularity. This presumption can be overcome, but only upon a showing by a state prisoner that there was "no rational basis in the record" for the state court's decision. The Circuit court then reviewed the record and found that it contained a rational basis for denying bail. *Id.* at 599–602.

Although at first glance the above reasoning seems well founded, further examination reveals an inherent circuity. Initially, guided by considerations of comity and federalism, the *Finetti* court ruled that the state's failure to give reasons for denying bail pending appeal did not make the decision arbitrary, and the decision should be accorded a presumption of regularity. *Id.* at 601. Next, the Circuit court said that this presumption could be overcome by showing there was no rational basis in the record for the state decision. The burden of such a showing rested upon the state

defendant seeking to collaterally attack the state bail decision by means of a federal habeas corpus petition. *Id.* The Circuit court, however, neither required the petitioner to come forward to meet his burden, nor explained what proof would be necessary to make such a showing. Rather, that court conducted its own review of the state record and found adequate reasons for denying bail. By going behind the decision to review the record, the Second Circuit defeated the very purpose of giving the state decision a presumption of regularity, and relieved the petitioner of his burden of overcoming that presumption.

The inconsistency between what the *Finetti* court said and what it did leaves us in an untenable position. If we follow *Finetti*'s instruction and give a presumption of regularity to the state decision, with the burden of overcoming that presumption resting with the petitioner, it is illogical for us to go beyond the presumption unless the petitioner comes forward with more than a conclusory allegation that the state court decision was irrational. Were we to follow the Second Circuit's action and search the record to find a rational basis for the state judge's decision, we would be second guessing the state court or, worse, substituting our judgment for that of a state judicial official. Despite the Second Circuit's apparent willingness to both accord a presumption of validity and *sua sponte* review the record, we believe the court intended to place the burden of going forward on a petitioner. Unfortunately, the Circuit court neglected to say what would satisfy the petitioner's burden.

Here, the petitioner argues (1) that he meets the criteria for release on bail, *see* N.Y.Crim.Proc.L. & R. § 510.30(2)(a) (McKinney 1984), and (2) that his appeal has merit, which is one of the relevant factors in considering an application for bail pending appeal. *Id.* at § 510.-30(2)(a)(vii). However, bail pending appeal can be denied *solely* upon a determination that the appeal lacks merit, regardless of any other criteria generally considered in bail decisions. *Id.* at § 510.30(2)(b). Whether this was the reason for Justice Mollen's decision is not apparent from the petition or the opposing papers. Were we

compelled to review the record, we might be forced to comment on the merits of a pending state appeal. This would contravene both the principles of comity and the prohibition against giving advisory opinion.

The petitioner fails to make even a *prima facie* showing that no basis exists for Justice Mollen's decision. He claims no bias or prejudice, whether racial, religious, or otherwise. Nor does he contend that he was denied a fair hearing. He merely states that no rational basis exists in the record for denying him bail so that the state judge's ruling, without further explanation, violated his right to due process.[1] This assertion mimics the language of the *Finetti* holding, but adds nothing of substance to rebut the presumption of validity that we must give to the state court's decision.[2] In the absence of more specific guidelines from the Second Circuit as to what constitutes a sufficient showing by a petitioner to initially rebut, and ultimately sustain, his burden of overcoming the presumption of regularity given to a state decision denying bail pending appeal, we conclude that Danylocke's petition is, on its face, inadequate to warrant further consideration by this Court. Accordingly, we decline to review the state record and dismiss the petition.

Since the Second Circuit may wish to clarify its holding in *Finetti*, or may disagree with our interpretation thereof, we certify that this petition presents questions of substance for appellate review, and that probable cause exists to appeal. *Alexander v. Harris*, 595 F.2d 87, 90–91 (2d Cir. 1979).

SO ORDERED.

---

**1.** As noted recently in another Second Circuit case, "a mere statement that 'due process' rights have been violated does not necessarily give rise to a specific federal constitutional claim. 'Due process,' like 'fair trial,' can be a catchphrase used by habeas petitioners as part of an allegation about any type of trial court error, including errors in rulings based on state law." *Petrucelli v. Coombe*, 735 F.2d 684, 688 (2d Cir.1984).

**2.** Of course, the problems created by these state decisions would be greatly reduced if the state judges were required to provide a short statement on the record, or in a written order, articulating the basis for denying applications for bail pending appeal. This, however, is a matter for the state legislature, not this Court, to consider.