John PULASKI, Petitioner,

v.

Marron HOPKINS, Warden, Queens House of Detention, Respondent.

No. CV–90–0121.

United States District Court,
E.D. New York.

Sept. 28, 1990.

John Pulaski, pro se.

Kenneth Harris, Asst. Dist. Atty., Mineola, N.Y., for respondent.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

This is a *pro se* petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the court denies the petition in its entirety.

On October 30, 1989, petitioner was convicted in the County Court of Nassau County of attempted grand larceny in the third degree (N.Y.Penal Law § 110.00, 155.30 (McKinney 1989)), possession of burglar's tools (N.Y.Penal Law § 140.35 (McKinney 1989)), and criminal mischief in the fourth degree (N.Y.Penal Law § 145.00 (McKinney 1989)) after a jury trial before Judge Harrington. Petitioner was sentenced as a recidivist felon to a definite term of one year imprisonment on the possession and criminal mischief charges and to an indeterminate term of two to four years on the grand larceny charge. Petitioner timely filed a Notice of Appeal which is pending as of this writing.

On November 8, 1989, petitioner's application in the Special Term Part of the New York Supreme Court, Nassau County, for a stay and bail pending appeal pursuant to New York Criminal Procedure Law § 460.50 was denied without opinion by Judge Yachnin. Petitioner then filed the instant petition for a writ of habeas corpus, alleging that the denial of his application for bail pending appeal of his state court conviction was arbitrary and unreasonable, and violative of his constitutional rights. Petitioner did not seek further state court relief, claiming that none was available to him.

## DISCUSSION

I. Exhaustion of state remedies.

Before this court can consider the petition on the merits, a determination must be made as to whether petitioner has exhausted his state court remedies. A state prisoner who petitions for a writ of habeas corpus under 28 U.S.C. § 2254 first must present to the state court "the same claim that he urges upon the federal courts." *United States ex rel. Nelson v. Zelker*, 465 F.2d 1121, 1124 (2d Cir.), *cert. denied*, 409 U.S. 1045, 93 S.Ct. 544, 34 L.Ed.2d 497 (1972) (emphasis omitted). The Second Circuit has consistently held that the exhaustion requirement is not a "mere formal hurdle placed in the way of meritorious claims, but an essential element of federalism in the administration of criminal justice." *Fielding v. Le Fevre*, 548 F.2d 1102, 1106 (2d Cir.1977). Unless a state prisoner first gives the state courts an "opportunity to apply controlling legal principles to the claims asserted," *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), then dismissal by the federal courts is required. *Wilson v. Fogg*, 571 F.2d 91, 92 (2d Cir.1978) (*quoted in Finetti v. Harris*, 609 F.2d 594 (2d Cir.1979)).

Under New York law, only one application for bail pending appeal can be made. (N.Y.Crim.Proc.Law § 460.50, subd. 3 (McKinney 1990)). Relief is discretion-

ary, and there is no statutory provision permitting direct appeal from its denial. Thus, denial of bail pending appeal is not appealable as of right. *See People ex rel. Klein v. Krueger*, 25 N.Y.2d 497, 500, 255 N.E.2d 552, 555, 307 N.Y.S.2d 207, 210 (1969); *People ex rel. Epton v. Nenna*, 25 A.D.2d 518, 267 N.Y.S.2d 267, 268 (1st Dept), *motion for leave to appeal withdrawn*, 17 N.Y.2d 422, 216 N.E.2d 32, 268 N.Y.S.2d 1028 (1966).

█ In *Brown v. Wilmot*, 572 F.2d 404 (2d Cir.1978), petitioner's application for bail pending appeal was denied. No reasons were given. Petitioner filed a federal habeas corpus petition which was dismissed, without prejudice. The Second Circuit found that, absent the filing of a state habeas corpus petition, petitioner had failed to exhaust state remedies. It declined to second guess what constitutional issues the New York courts would or would not entertain in such a proceeding, reasoning that "[e]ven if there was some doubt as to the availability of relief in the New York courts, we still would give its courts the first chance to review their alleged errors so long as they have not authoritatively shown that no further relief is available." *Brown*, 572 F.2d at 406 (quoting *United States ex rel. Bagley v. La Vallee*, 332 F.2d 890, 892 (2d Cir.1964)).

In *Finetti v. Harris, supra*, petitioner's application for bail pending appeal was also denied. As with petitioner in *Brown, supra*, no reasons were given for the denial. Petitioner attempted to file a state habeas corpus petition, but the Clerk of the Appellate Division refused to accept it. In a letter to petitioner's attorney, the Clerk declared that "[a] second application for bail pending appeal may not be made under the guise of a habeas corpus application." *Finetti v. Harris*, 609 F.2d at 596 n. 3. Since the Clerk's "decision" was apparently not appealable, *see People ex rel. Wilkes v. Fay*, 27 A.D.2d 860, 278 N.Y.S.2d 581 (2nd Dept. 1967), the federal habeas court held that all avenues of state review of the bail denial had been foreclosed to Finetti. *Finetti v. Harris*, 460 F.Supp. 1069, 1071 (S.D. N.Y.1978). The Second Circuit affirmed,

*Finetti v. Harris*, 609 F.2d 594, reaffirming it's exhaustion of state remedies requirement. However, the Circuit Court rejected the state's contention that petitioner should be required to commence a collateral proceeding to compel the clerk to accept the petition. The Court noted that such a requirement might or might not provide relief, would result in considerable delay, and might not produce any benefits " 'in terms of federal-state comity or the efficient administration of justice.' " *Finetti*, 609 F.2d at 598 (quoting *Emmett v. Ricketts*, 397 F.Supp. 1025, 1047 (N.D.Ga. 1975)). "Indeed, to require [petitioner] to pursue such remedies, as Judge Friendly has suggested, might 'invite the reproach that it is the prisoner rather than the state remedy that is being exhausted.' " *Finetti*, 609 F.2d at 598, (quoting *United States ex rel. Kling v. La Vallee*, 306 F.2d 199, 203 (2d Cir.1962) (Friendly, J., concurring)).

More recently, in *Danylocke v. Dalsheim*, 662 F.Supp. 961 (S.D.N.Y.1987), *aff'd*, 842 F.2d 1287 (2d Cir.1988), petitioner was denied bail pending appeal without explanation. In dismissing petitioner's subsequent state habeas corpus action, Honorable Milton Mollen, then Presiding Justice of the Appellate Division, Second Department, noted that "habeas corpus is not an appropriate vehicle to review [denial of bail pending appeal]." *Id.* at 962. Petitioner then sought federal habeas corpus review, asserting that he had exhausted his state remedies. The District Court for the Southern District agreed. *Id.* It rejected respondent's argument that petitioner, by failing to appeal to the New York Court of Appeals, had not exhausted his remedies. The court reasoned that because petitioner had no appeal from the dismissal of his state habeas corpus petition as of right, certiorari by the Court of Appeals "almost certainly" would not be forthcoming. *Id.* The court noted that to force petitioner to appeal would invite the same "exhaustion of prisoner" criticism as noted in *Finetti*. *Id.*

In the instant case, petitioner's application for bail pending appeal was denied, with no reasons given. Petitioner now seeks federal habeas corpus relief without

having sought similar relief in the state courts. Petitioner argues that to compel him to do so would be "clearly futile" in light of *Finetti* and *Danylocke*. (Petition for Habeas Corpus, at 3). Respondent, on the other hand, urges this court to dismiss the petition because petitioner has not "fairly presented" his federal claims to the state courts, *see Daye v. Attorney General of New York*, 696 F.2d 186 (2d Cir.1982) (en banc), *cert denied*, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984), and thus, "available" state remedies have not been exhausted. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Respondent cites *Brown* for the proposition that where bail pending appeal has been denied, petitioner *must* seek habeas relief in the state courts before filing a federal habeas petition. However, this argument necessarily assumes that state habeas corpus relief is "available" to petitioner in these circumstances.

Dismissal of a federal habeas corpus petition is appropriate to enable petitioner to exhaust state remedies "so long as [the state courts] have not authoritatively shown that no further relief is available". *Brown*, 572 F.2d at 406. Although the New York Court of Appeals has not yet passed on the issue, in view of the New York Appellate Division's ruling, *see Danylocke, supra,* New York courts have "authoritatively shown" that where petitioner's post conviction bail application has been denied with no reasons given, no further state relief is available. Thus, petitioner has no state remedies to exhaust.

## II. Denial of bail pending appeal.

Petitioner contends that the denial of his application for bail pending appeal was arbitrary and unreasonable. Petitioner asserts that on this record, denial of bail was necessarily arbitrary and unreasonable and would be so even if the Appellate Division *had* articulated reasons for the denial. Thus, without specifically using the words, petitioner is asserting that his due process rights are being violated because there is no rational basis for the denial of his application.

Although there is no absolute federal constitutional right to bail pending appeal, once a state makes provisions for such bail,[1] the Eighth and Fourteenth Amendments require that it not be denied arbitrarily or unreasonably. *Finetti v. Harris*, 609 F.2d 594, 599 (2d Cir.1979); *Brown v. Wilmot*, 572 F.2d 404, 405 (2d Cir.1978); *Danylocke v. Dalsheim*, 662 F.Supp. 961 (S.D.N.Y.1987), *aff'd*, 842 F.2d 1287 (2d Cir.1988).[2] While federal habeas corpus is an appropriate procedure for seeking relief from arbitrary and unconstitutional denial of bail, "federal courts do not ... sit as appellate courts in the granting or withholding of bail pending appeal". *Finetti*, 609 F.2d at 600.

In *Finetti*, the Second Circuit was faced with the question of whether the denial of bail pending appeal without a statement of reasons is *per se* arbitrary or whether the denial of bail pending appeal is arbitrary "only if no rational basis exists in the record to support the denial". *Id.* In that case, the Circuit Court declined to find a presumption of arbitrariness where the state courts do not articulate reasons for denial of bail. Rather, it found that state court judgments facing collateral attack through federal habeas corpus review carry a presumption of regularity. *Johnson v. Zerbst*, 304 U.S. 458, 468, 58 S.Ct. 1019, 1024, 82 L.Ed. 1461 (1938). This presumption, the Second Circuit held, "may be overcome; but the [petitioner] bears the burden of showing that there is no rational basis in the record for the denial of bail." *Finetti*, 609 F.2d at 601.

---

1. New York state law permits a defendant one application for bail pending appeal. N.Y.Crim. Proc.Law § 460.50 (McKinney 1990). The decision is discretionary and is not reviewable, either on appeal or, apparently, by way of state habeas corpus petition. *Danylocke*, 662 F.Supp. at 963.

2. Not every allegation of arbitrary action by a state rises to the level of a constitutional violation. *See United States ex rel. Cameron v. New York*, 383 F.Supp. 182, 184 (E.D.N.Y.1974).

The Circuit Court then reviewed petitioner's record and dismissed the petition. While the Court recognized the "delicately calibrated balancing" between concern for the petitioner and the protection of the community, it stopped short of saying that the denial of petitioner's bail application was the only conclusion that could be supported by the record. *Id.* at 602. The Court concluded that since there existed "a rational basis" for the decision on the record, the decision passed constitutional muster.[3]

In *Danylocke, supra,* petitioner alleged that the state's decision to deny his application for bail pending appeal failed to articulate a rational basis for the denial, and, therefore, violated his Fifth, Eighth, and Fourteenth Amendment rights. The District Court refused to review the record and dismissed the petition. The court found that while petitioner's allegation of a lack of rational basis mimicked the *Finetti* holding, it added nothing of substance to rebut the presumption of validity that federal courts accord state court decisions.

In the instant case, petitioner avoids mimicking the *Finetti* holding by alleging a lack of rational basis for the denial of bail, irrespective of whether reasons were or were not articulated. However, similar to *Danylocke,* petitioner has not alleged either bias or prejudice, whether racial, religious, or otherwise, as a basis of his constitutional claim. Nor has he alleged being denied a fair hearing. Instead, petitioner offers his analysis of the record, speculating as to reasons the trial court could have given, had it chosen to do so, as to why bail was denied. For every such "reason", petitioner provides an alternative basis upon which bail might have been granted, again, had the trial court chosen to do so.

This court declines to engage in such speculation, and finds that petitioner has

failed to make even a *prima facie* showing that no rational basis exists for Judge Yachnin's decision. This court will not review the record in search of a constitutional violation where petitioner has alleged none.

## CONCLUSION

The petition for a writ of habeas corpus is denied in its entirety, with prejudice.

SO ORDERED.

---

**3.** In *Danylocke,* the District Court for the Southern District was troubled by what it perceived to be "an inherent circuity" in the *Finetti* decision: the federal habeas court must accord state court decisions a "presumption of regularity" and at the same time must go behind the record, to find a rational basis for the state court decision, unless "petitioner comes forward with more

than a conclusory allegation that the state court decision was irrational." *Danylocke,* 662 F.Supp. at 693. The District Court found it "illogical" to do both, absent guidance from the Circuit Court as to what would constitute sufficient showing by a petitioner to initially rebut, and ultimately sustain, his burden of overcoming the presumption.