**Jack LEVIN, Plaintiff,**

**v.**

**Frank HALL, Commissioner of the Philadelphia Prison System, Defendant.**

Civil Action No. 96–7529.

United States District Court, E.D. Pennsylvania.

Nov. 13, 1996.

Theodore Simon, Philadelphia, PA, for Plaintiff.

Donna G. Zucker, District Attorney's Office, Philadelphia, PA, for Defendant.

## ORDER AND MEMORANDUM

KATZ, District Judge.

**AND NOW,** this 13th day of November, 1996, after a hearing, it is hereby **ORDERED** that the Emergency Petition for a Writ of Habeas Corpus is **DENIED.**

■ Given the broad discretion Pennsylvania law affords the trial judge to deny bail after conviction of this offense, and given the well-settled proposition that there is no absolute federal constitutional right to bail pending an appeal, a constitutional liberty interest in bail can arise only if bail has been denied arbitrarily or unreasonably.[1] In order to demonstrate such an arbitrary or unreasonable deprivation, petitioner must demonstrate that no rational basis can be found in the record for the denial of bail pending appeal, and he has not met this burden.[2] Petitioner states that the trial court did not make the requisite findings for a denial of bail, but the failure of a state court to articulate its reasons for denial of bail does not necessarily establish a presumption of arbitrariness, or arbitrariness per se.[3] Indeed, the record suggests that petitioner was found guilty after a trial of molesting by indecent assault and corrupting the morals of a young

---

1. *See Finetti v. Harris,* 609 F.2d 594, 599 (2d Cir.1979); *Bernard Smith v. Joseph M. Ryan, et al.,* No. 88–5246, 1989 WL 16190, at *1 (E.D.Pa. Feb. 23, 1989); *United States ex rel. Sullivan v. Aytch,* 355 F.Supp. 630, 642 (E.D.Pa.1973).

2. *Owens v. Beard,* 829 F.Supp. 736 (M.D.Pa. 1993) (distinguishing *King v. Zimmerman,* 632 F.Supp. 271 (E.D.Pa.1986) on a basis applicable here); *see also* 609 F.2d at 601 (stating that petitioner bears the burden of showing that no rational basis exists in the record for the denial of bail).

3. *See* 609 F.2d at 599–600.

girl, sentenced to 6–23 months imprisonment after consideration of a presentence investigation and psychiatric examination, and permitted to self-surrender. In determining the sentence, for example, the trial court did consider: "[t]he seriousness of the crime, the pattern of behavior over a long period of time, the danger to society ... the possibility of recidivism ... the fact that Defendant has not admitted his problem nor shown remorse...." R. at 22. If the reference to defendant's not admitting his problem is an incorrect consideration of the factor of not admitting culpability, which is impermissible under state law, that is a state law error that does not rise to constitutional dimension. Likewise, reading Rule 4002 to permit consideration of the danger to society from recidivism, absent its relevance to defendant's appearance or nonappearance, is not a constitutionally deficient reading of an ambiguous law. This record does not indicate that the trial court acted in an unreasonable or arbitrary fashion.

The Pennsylvania Superior and Supreme Courts denied petitioner bail. *Commonwealth v. Jack Levin,* No. 203 E.D. Misc. Docket 1996 (Pa. Nov. 6, 1996) (per curiam) (order lifting stay and denying Emergency Motion and/or Application for Bail Pending Appeal); *Commonwealth of Pennsylvania v. Jack Levin,* No. 00172 MDE 1996 (Pa.Super.Ct. Oct. 31, 1996) (order denying Emergency Motion and/or Application for Bail Pending Appeal). In light of comity and federalism concerns, this court is not permitted to substitute its exercise of discretion for that of the State Courts in the circumstances presented here.[4] Petitioner has appealed his conviction to the Pennsylvania Superior Court and will argue the merits of his case there. The length of defendant's sentence does not alter this court's determination of this petition; if probable innocence is not an extraordinary circumstance justifying bail pending federal habeas review, it is difficult to elevate defendant's risk of having to serve his minimum sentence before state appellate

review to a constitutional deprivation that justifies relief. *See Landano v. Rafferty,* 970 F.2d 1230, 1238–41 (3d Cir.1992). The Commonwealth has an interest in prompt execution of a sentence, and this interest must be balanced against the defendant's interest in remaining free after conviction while his appeal is pending. Absent a clearer showing of procedural or substantive infirmity than the present case presents, this court denies the emergency relief requested by the petitioner.

---

4. Pennsylvania law affords considerable discretion to the trial judge to modify a bail order after the imposition of a sentence, even if the sentence is less than two years in duration. Pa.R.Crim.P. 4009(D). This court may not review the state court's determination of the criteria under Rule 4009(D) and Rule 4002, but must instead determine whether petitioner has demonstrated some violation of federal constitutional guarantees. *See* 609 F.2d at 600; 1989 WL 16190 at *2 (citations omitted). Petitioner has failed to make such a showing.