■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GORDON, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered October 19, 1988, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the second degree (Penal Law § 220.41) and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of from six years to life, unanimously affirmed.

On March 23, 1988, defendant pleaded guilty to one count of criminal sale of a controlled substance in the second degree, with the understanding that a recommendation as to sentence would be made by the People, commensurate with his anticipated cooperation in future investigations. In order to maintain flexibility and permit defendant to be paroled in the

event that his cooperation so necessitated, the plea was not formally entered, and the case was adjourned for two months.

The record is silent as to what occurred with respect to the agreement, but on September 14, 1988, defendant indicated to the plea court that he was displeased with his lawyer, who he felt had coerced him into pleading guilty. The court responded by arranging for a new lawyer to be assigned to represent defendant on September 16, the next court date. The record reveals that defendant was not produced by the Correction Department on the adjourned date. However, a discussion regarding the plea took place between the court and his new counsel, in which the court questioned whether there was a legal basis to "withdraw" the plea, and observed that it would be "tantamount to committing suicide" for defendant to be restored to status quo ante and thereby risk a minimum of 15 years to life on the class A-I felony.

On the next court date, September 18, 1988, defense counsel and the Judge had a discussion at sidebar, at the conclusion of which counsel stated for the record that he had discussed the matter with defendant and that "there are no grounds with which he could withdraw that plea and, therefore, the plea that the defendant took in March apparently will stand, and he will have to be sentenced on that." The court then observed that the plea had not yet been entered, and directed the clerk to enter it. At his sentencing on October 19, 1988, defendant moved to withdraw his plea, arguing that he was not guilty and that he had pleaded guilty solely in reliance upon promises from his first attorney that if he cooperated and testified in the Grand Jury, he would be released from custody. Defendant appeals from the denial of this motion. We affirm.

An examination of this record leads us to conclude that defendant, after discussions with his counsel, abandoned earlier attempts to undo the plea bargain, and consented to the entry of the plea. In so doing, he accepted a reduction from a class A-I to a class A-II felony, together with the minimum sentence he could receive thereon as a predicate felon, six years to life, and avoided a possible sentence of 15 years to life. Significantly, despite the loose language employed by defense counsel on the September 28, 1988 record, it is clear from the court's statement as to the lack of plea entry, that defendant had simply decided not to forfeit the advantageous plea bargain. Thus, the totality of the circumstances demonstrates that the plea was validly made and entered, and the court properly exercised its discretion to deny defendant's

sentencing date motion to withdraw. *(People v Billingsley,* 54 NY2d 960, 961.) Concur—Kupferman, J. P., Ross, Rosenberger, Kassal and Smith, JJ.