■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBERT WILSON, Appellant. [649 NYS2d 4] —Judgment, Supreme Court, New York County (Renee White, J., at suppression hearing; James Yates, J., at plea and sentencing), rendered February 4, 1994, convicting defendant, upon his plea of guilty, of

criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of $4^1/_2$ to 9 years, unanimously affirmed.

We reject defendant's contention that the District Attorney's refusal to plea bargain with defendant who denied his guilt under oath before the Grand Jury is retaliatory, vindictive and unconstitutional. This decision has a rational basis (*see, People v Cohen*, 186 AD2d 843), as a way of avoiding condonation of perjury or self-contradiction by defendant who asserted his innocence before the Grand Jury only later to admit guilt in the hope of engendering plea negotiations. Nor can defendant claim that his plea was deficient, where, despite consistent claims of innocence, he specifically requested to plead guilty without being required to allocute the facts underlying the crime. Such a bargained for condition cannot be used as a tactic for securing vacatur of a plea (*see, People v D'Amico*, 179 AD2d 671, *lv denied* 79 NY2d 999). We have considered defendant's other arguments, including that the People failed to prove probable cause to arrest, and find them to be without merit (*see, People v Amoateng*, 141 AD2d 398, *lv denied* 73 NY2d 852). Concur—Milonas, J. P., Wallach, Nardelli, Tom and Mazzarelli, JJ.