■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JOHNSON, Appellant. [651 NYS2d 550] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered April 11, 1995, convicting him of burglary in the second degree (three counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the court did not improvidently exercise its discretion in denying his motion to withdraw his plea of guilty (CPL 220.60 [3]; *see, People v Gordon,* 162 AD2d 343). The defendant's motion was predicated upon alleged statutory and constitutional speedy trial violations. However, it is clear that the cited delay between the defendant's commission of the burglaries and his arrest does not support a claim for relief under CPL 30.30 (1) since no criminal action had previously been commenced *(see,* CPL 1.20 [17]). The People's readiness for trial prior to his arrest was not an issue. The defendant did not establish that the pre-arrest delay resulted in a violation of his constitutional right to a speedy trial *(see, People v Taranovich,* 37 NY2d 442), as his use of aliases in connection with his intervening arrests and his failure to demonstrate any prejudice as a result of the delay undermine any entitlement to relief *(see, People v Lee,* 207 AD2d 415). Since the defendant's speedy trial claims were clearly meritless, the court providently declined to permit the defendant to withdraw his plea of guilty. Miller, J. P., Ritter, Pizzuto and Santucci, JJ., concur.