In the Matter of FRANK J. ROGERS, as Special Assistant District Attorney in Charge of the Office of Prosecutions of the Special Narcotics Courts in the City of New York, Petitioner, *v.* JAMES J. LEFF, Individually and as a Justice of the Supreme Court of the State of New York, et al., Respondents.

First Department, November 7, 1974.

*Frank J. Rogers* (*Lewis R. Friedman* and *Steven R. Kartagener* of counsel), petitioner *pro se.*

*William E. Hellerstein* and *William J. Gallagher* (*Carrol Berkman* and *Ursula Bentele* of counsel), attorneys for Edward Ingram, respondent.

TILZER, J. The issue in this article 78 proceeding is whether there is power, pursuant to CPL 460.50 and 530.50, to grant a stay of enforcement of judgment pending appeal where a defendant has been convicted of a class A-III felony.

Edward Ingram was convicted after a jury trial of the crimes of criminal sale of a controlled substance in the third degree (Penal Law, § 220.39), criminal possession of a controlled sub-

stance in the third degree (Penal Law, § 220.16) and criminal possession of a controlled substance in the seventh degree (Penal Law, § 220.03). The convictions under sections 220.39 and 220.16 of the Penal Law are class A-III felonies.

Prior to the conviction Ingram had been at liberty on $200 cash bail. Thereafter, he was remanded in lieu of bail and sentenced to an indefinite term of from one year to life imprisonment as mandated by section 70.00 of the Penal Law. Subsequently, Ingram filed a notice of appeal and sought a stay of execution of judgment pursuant to CPL 460.50. The respondent Justice of the Supreme Court, after considering the defendant's background, his close family ties and after noting the recent attacks upon the constitutionality of the new drug laws, granted the application and admitted Ingram to bail. In the extensive opinion of the Justice accompanying the granting of the application, no mention was made nor consideration given to the threshold question of the power to grant bail in view of the fact that Ingram had been convicted of class A-III felonies and CPL 530.50 provides that a Justice may not admit a defendant to bail pending appeal where the defendant has received a class A felony sentence.

By this article 78 proceeding, the Special Assistant District Attorney in Charge of the Office of Prosecutions of the Special Narcotics Courts in the City of New York seeks a judgment declaring that the order staying execution of judgment and fixing bail is null and void. Since no appeal lies from an order granting a stay of execution pending appeal (see CPL 450.20; cf. *People ex rel. Epton* v. *Nenna*, 25 A D 2d 518) and since the issue involved is whether the Supreme Court acted in excess of its powers, it is therefore clear that this proceeding has been properly brought. (*Matter of Proskin* v. *County Ct. of Albany County*, 30 N Y 2d 15, 18.)

" After conviction there is no right to bail, constitutional or otherwise, in the absence of a certificate of reasonable doubt " (*People ex rel. Epton* v. *Nenna, supra,* p. 518). Accordingly, the right to bail herein is limited by the statutory provisions empowering the court to consider such application. (*People* v. *Wirtschafter,* 305 N. Y. 515, 519.) Although sections 460.50 and 460.60 provide generally for bail pending appeal from a judgment of conviction, CPL 530.50 limits the court's power as follows: " A judge who is otherwise authorized pursuant to section 460.50 or section 460.60 to issue an order of recognizance or bail pending the determination of an appeal, may do so unless the defendant received a class A felony sentence."

It is urged, however, that CPL 530.50 is not applicable since the defendant was convicted of a class A-III felony — a newly created felony classification — and that such should not be considered the equivalent of traditional class A felonies, i.e., murder, kidnapping, arson, possession or sale of a pound or more of narcotics. In support of this contention it is argued that when CPL 530.50 was enacted, there were no class A-I, A-II or A-III felonies and that there is nothing in the history of the new drug laws which would indicate a legislative intent to preclude bail pending appeal from such convictions. However, that is not dispositive of the issue herein.

The crucial question is whether CPL 530.50 with its reference to class A felonies should be construed to encompass the class A-I, A-II, and A-III felonies which were provided for in the amendment of section 55.05 of the Penal Law (L. 1973, ch. 276, § 1). That amendment, however, continued the prior felony classifications, i.e., A, B, C, D and E, and merely added the following language: " Class A felonies are subclassified for the purpose of sentence, into three categories as follows: subclass I, subclass II, and subclass III, to be known as class A-I, class A-II and class A-III felonies, respectively."

The use of the word " subclassified " demonstrates the intent to continue the major classification, i.e., class A felony. Hence, there was no reason to amend CPL 530.50 specifically to refer to the subclassifications of class A felonies and the failure to amend under the circumstances cannot be interpreted by implication to exclude the subclassifications of class A felonies from the scope of CPL 530.50.

In the only reported case which has considered the matter raised herein, the court, in reaching the conclusion that bail cannot be granted pending appeal from a class A-II felony, stated as follows:

" The Legislature made no change in CPL 530.50 when it changed the provisions of paragraphs (a) and (b) of subdivision 2 of section 70.00 of the Penal Law. The very amendment about which defendant speaks (§ 70.00, subd. 3, par. [a]) says ' In the case of a class A felony, the minimum period shall be fixed by the court and specified in the sentence ', and then goes on to deal with A-I, A-II and A-III felonies.

" The Legislature is assumed to have known of existing statutes and judicial decisions in enacting amendatory legislation (*Matter of Cochran*, 176 Misc. 809) and amendment by implication is contrary to statutory rules of construction (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 191). The

law says no bail on conviction of a class A felony and defendant has been convicted of a class A felony." (*People* v. *McNair*, 78 Misc 2d 341, 342 [Sup. Ct., Monroe County].)

We hold, therefore, that the respondent Justice was without power to consider an application for bail after a conviction and sentence for a class A-III felony, by virtue of CPL 530.50.

In view of our determination of lack of power, it is neither necessary nor proper to consider the reasons expressed by the respondent Justice for granting bail, which reasons included, among others, the question of the constitutionality of the new drug laws, which are the subject of direct attack in the courts.

Accordingly, the petition should be granted, the order granting a stay of execution of judgment should be vacated on the law and declared void and respondent Ingram should be remanded to the New York State Department of Correctional Services, without costs and without disbursements.

MARKEWICH, J. P., KUPFERMAN, STEUER and CAPOZZOLI, JJ., concur.

Petition unanimously granted, the order granting a stay of execution of judgment vacated, on the law, and declared void, and respondent Ingram remanded to the New York State Department of Correctional Services, without costs and without disbursements.

Settle order on one day's notice.