In the Matter of LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, Petitioner, *v.* LOUIS A. CIOFFI, as Judge of the Criminal Court of the City of New York, Acting as a Justice of the Supreme Court of the State of New York, County of Bronx, et al., Respondents.

First Department, January 23, 1975.

474

*Louis J. Lefkowitz, Attorney-General (Gabriel I. Levy* of counsel), attorney *pro se.*

*Joel A. Brenner* for Jerry Greene, respondent.

TILZER, J. Petitioner brings this article 78 proceeding seeking a judgment prohibiting the respondent Justice from releasing the individual respondent Jerry Greene on bail pending appeal from a judgment of conviction and to declare null and void an order setting bail in the amount of $10,000.

Initially, we note that although the application before the respondent Justice was denominated as one for a writ of habeas corpus, it is clear that the relief sought was for a stay of execution of judgment pursuant to CPL 460.50. Since no appeal lies from an order granting a stay of execution of judgment pending appeal (see CPL 450.20; *Matter of Rogers* v. *Leff,* 45 A D 2d 630; cf. *People ex rel. Epton* v. *Nenna,* 25 A D 2d 518), and since the issue herein is whether the respondent Justice acted in excess of his powers, this article 78 proceeding accordingly lies. (*Matter of Proskin* v. *County Ct. of Albany County,* 30 N Y 2d 15, 18; *Matter of Rogers* v. *Leff, supra.*)

The individual respondent, Jerry Greene, was convicted after trial before Mr. Justice FRAIMAN and a jury, of various counts of grand larceny and sentenced to a term of up to 4 years. On the same date, Justice FRAIMAN granted a stay of execution of judgment pending appeal, fixing bail in the amount of $10,000. Subsequently, the court revoked bail apparently because it was of the belief that respondent Greene failed to expeditiously process the appeal from the judgment of conviction. Thereafter, Justice FRAIMAN denied several applications which in effect, sought restoration of the bail originally set by him. On the last application Justice FRAIMAN indicated that he would have been inclined to restore bail, but felt that he did not have such

power in view of CPL 460.50 (subd. 3), which provides that "not more than one application may be made pursuant to this section".

By petition dated December 23, 1974, returnable to the Appellate Division on December 30, 1974, Jerry Greene, as petitioner, brought an article 78 proceeding in the nature of mandamus seeking a judgment directing Mr. Justice FRAIMAN to restore bail. Despite the pendency of that application, respondent Greene, on December 24, 1974, sued out a writ of habeas corpus and on January 2, 1975, the respondent Criminal Court Judge LOUIS A. CIOFFI, sitting as an acting Supreme Court Justice, granted the writ and set bail in the amount of $10,000. Thereafter, this court denied the application in the article 78 proceeding against Justice FRAIMAN but in so doing it was indicated that power resided in Justice FRAIMAN to entertain an application for restoration of bail and therefore, the denial was "without prejudice to a further application by the petitioner for reinstatement of bail pursuant to CPL § 530.60."

CPL 460.50 (subd. 3), which as afore-mentioned, limits a defendant to one application for a stay of execution of judgment pending appeal to an intermediate appellate court, is applicable only where a further and new application for bail is made. Accordingly, that section does not constitute a bar insofar as restoration of bail is sought from the Justice who originally granted the stay of execution. However, it was improper for the respondent Justice, CIOFFI to grant bail. Although denominated as a petition for a writ of habeas corpus, it was clear that respondent Greene was legally detained pursuant to the judgment of conviction, and accordingly, habeas corpus did not lie. (*People ex rel. Epton* v. *Nenna*, 25 A D 2d 518, *supra*.) Under such circumstances, defendant's release pending appeal may only be granted pursuant to the statutory provisions empowering the court to stay an execution of judgment (CPL 460.50; see *Matter of Rogers* v. *Leff*, 45 A D 2d 630, *supra*). The application to the respondent Justice, however, constituted a new application which was specifically embraced within the prohibition contained in CPL 460.50 (subd. 3), and therefore, the respondent Justice was without power to grant a stay and bail.

Accordingly, the petition should be granted, the order granting bail in the amount of $10,000 should be vacated on the law and declared void and respondent Greene should be remanded to custody. However, in the interest of justice the effect of the order to be entered herein should be stayed for a period of 10

**476**

days to enable respondent to apply to Justice FRAIMAN for restoration of the bail originally granted.

KUPFERMAN, J. P., MURPHY and LANE, JJ., concur.

Petition for an order pursuant to the provisions of CPLR article 78, in the nature of prohibition, unanimously granted, without costs and without disbursements, the order granting bail in the amount of $10,000 is vacated, on the law, and declared void and respondent, Greene, remanded to custody. However, in the interest of justice the effect of the order entered herein is stayed for a period of 10 days from the date of entry thereof to enable respondent, Greene, to apply to Justice FRAIMAN for restoration of the bail originally granted.