**UNITED STATES ex rel. Martha CARMONA, Donna Foggie, and all other persons similarly situated, Petitioners,**

v.

**Benjamin WARD, Commissioner of the New York State Department of Correctional Services, et al., Respondents.**

No. 75 Civ. 6219.

United States District Court,
S. D. New York.

March 29, 1976.

Legal Action Center of the City of New York, Inc., by Elizabeth B. DuBois, Risa G. Dickstein, Mark C. Morril, New York City, Paul, Weiss, Rifkind, Wharton & Garrison, New York City [of counsel], by Arthur L. Liman, Michael Meltsner, New York City [of counsel], Goldman & Hafetz, New York City [of counsel], by Frederick P. Hafetz, New York City, for petitioners.

Louis J. Lefkowitz, Atty. Gen., by Rhonda Amkraut Bayer, Deputy Asst. Atty. Gen., New York City, for respondents.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Petitioners in this habeas corpus proceeding challenge the constitutionality of the laws pursuant to which they are incarcerated, i. e., certain sections of the Penal Law, Criminal Procedure Law, and Correction Law of New York, as amended in 1973, governing the treatment of A felony drug offenders. By way of preliminary relief, petitioner Foggie has moved "pursuant to Rule 65 of the Federal Rules of Civil Procedure and the court's inherent power to release habeas corpus petitioners on bail pending the outcome of their cases" for an order releasing her on bail. This motion is denied at this time, without prejudice to later renewal as set forth herein.

On March 26, 1975, Donna Foggie was convicted in Supreme Court, Kings County of Criminal Sale of a Controlled Substance in the Third Degree, an A–III felony under New York law.[1] At the time of her conviction, Justice Eugene R. Canudo, the trial judge, determined that, by the criteria ordinarily applicable to bail decisions,[2] Ms. Foggie could justifiably be released on bail during the pendency of her appeal from her conviction. Bail was accordingly set at $1,000 and was subsequently posted.

On April 4, 1975, Ms. Foggie's attorney was contacted by Justice Canudo's chambers and advised that, under § 530.50 of the Criminal Procedure Law, the court was without authority to continue Ms. Foggie on bail pending appeal.[3] At Justice Canudo's request, Ms. Foggie surrendered herself to the court on April 7. Both then and again on April 14, Ms. Foggie's attorney applied for bail pending her appeal, and argued that the statutory prohibition against bail pending appeal for Class A felons was unconstitutional. While reiterating his belief that Ms. Foggie was a good bail risk, Justice Canudo declared himself bound by the stricture of § 530.50 and subsequently denied the bail application, apparently finding unpersuasive the constitutional challenge to the statute. Ms. Foggie was remanded to the Bedford Hills Correctional Facility, where she remained until approximately January 22, 1976, when she was transferred to Parkside Correctional Facility, a work release facility in which residents are free to leave during the day in order to seek or perform employment.

---

1. N.Y. Penal Law § 220.16.

2. As set forth in N.Y. Criminal Procedure Law § 510.30(2).

3. *See Rogers v. Leff,* 45 A.D.2d 630, 360 N.Y. S.2d 652 (1st Dept. 1975).

In the instant bail application, petitioner Foggie again raises a substantial constitutional challenge to the statute denying bail pending appeal to persons convicted of Class A felonies. This statute, it is argued, violates both the due process and equal protection clauses of the United States Constitution. To buttress her argument of individual injustice and constitutional infirmity, Ms. Foggie has offered numerous affidavits purporting to show that, by the criteria usually employed to evaluate criminal defendants, she would be an excellent bail risk.

Petitioner Foggie argues that she has exhausted all state remedies on the issue of bail pending appeal, and has raised the constitutional challenge in all the state forums available to her. Petitioner Foggie points out that § 460.50(3) of the N.Y. Criminal Procedure Law permits only one application for bail pending appeal, and that no direct appeal may be taken from a denial of bail under that section.[4]

The respondents reply that petitioner Foggie can still raise her constitutional challenge by way of an application for a writ of habeas corpus in the New York courts,[5] the outcome of which is reviewable upon appeal.[6] However, it is not clear that the denial of bail in these circumstances can be challenged in a state habeas corpus proceeding.

In *People ex rel. Epton v. Nenna*, 25 A.D.2d 518, 267 N.Y.S.2d 267 (1st Dept. 1966), the petitioner, having been convicted of conspiracy to riot, conspiracy to advocate criminal anarchy, and criminal anarchy, was denied a certificate of reasonable doubt by the trial judge. The petitioner then sued out a writ of habeas corpus returnable before a different judge, alleging that the trial judge had abused his discretion in denying the certificate. The writ was denied, the petitioner was remanded, and denial of the writ was upheld by the Appellate Division in a brief *per curiam* opinion.

In affirming denial of the writ, the court differentiated the situation of bail pending appeal from the situation "existing before trial where the right to bail in a proper case is constitutional."[7] "It follows," the court reasoned, "that, the prisoner's detention being lawful, habeas corpus does not lie. Actually there is no way of testing the discretion of the judge who denies a certificate of reasonable doubt. No appeal from such an order is provided by any statute . . . Perhaps the failure to provide for such an appeal is advised upon the ground that it is just as expeditious to test the validity of the conviction by appeal as it is to test the discretion in denying the certificate. And any interim determination by way of habeas corpus or otherwise would necessarily involve an impermissible review of one trial judge's discretion by another of like rank [citation omitted]."[8]

Petitioner Foggie interprets the *Epton* case as foreclosing constitutional challenge to Section 530.50 by way of the state habeas corpus procedure.[9] However, in this court's

---

4. *People ex rel. Epton v. Nenna*, 25 A.D.2d 518, 267 N.Y.S.2d 267 (1st Dept. 1966). While it appears from the opinion in *United States ex rel. Goodman v. Kehl, et al.*, 456 F.2d 863 (2d Cir. 1972) and the annexed opinion of the Appellate Division, First Department, that (as respondents contend), the Appellate Division "convened to consider an application for bail pending appeal after denial by a state judge," it should be noted that the Appellate Division never reached the question whether such an application was proper, since any action by the Appellate Division had been rendered academic by a previous decision of the federal district court. Moreover, the Appellate Division made explicit reference to the restriction contained in § 460.50(3). It thus seems unlikely that the *Goodman* case reveals a judicial departure from the statutory language and the precedent of the *Epton* case such as would imply that petitioner Foggie might successfully take a direct appeal from the denial of bail in her situation.

5. N.Y.C.P.L.R. Art. 70.

6. N.Y.C.P.L.R. § 7011.

7. 267 N.Y.S.2d at 268.

8. 267 N.Y.S.2d at 268–9.

9. "*Epton* also makes clear that review cannot be had by way of habeas corpus." Memorandum in Support of Motion for Preliminary Relief Releasing Petitioner Foggie on Bail, n. 31.

view, the teaching of *Epton* is less clear. In *Epton,* the habeas petitioner had sought to have a second trial judge review the discretionary decision of another trial judge. The only ground asserted for issuance of the writ apparently was abuse of discretion, rather than, as in Ms. Foggie's case, a substantial constitutional argument. As the Appellate Division opinion makes clear Epton was not challenging the *legality* (e. g. constitutionality) of his detention in the habeas corpus proceeding, whereas that is precisely the sort of issue which Ms. Foggie would be expected to raise there, as she raises it here. In short, while the holding of *Epton* on this issue is somewhat ambiguous, this court does not interpret that case as precluding Ms. Foggie from raising her constitutional claim in a state habeas corpus proceeding, even though the challenge relates to her eligibility for bail.

In attempting to demonstrate the futility of proceeding by way of habeas corpus, petitioner Foggie cites the case of Joanne Schettino, another A–III drug felon, who attempted to raise the issue at bar by seeking a writ of habeas corpus in the Appellate Division, Second Department. The application was referred by the Appellate Division to the Supreme Court, Westchester County. In an unreported order, Justice Harold Wood dismissed the application on the ground that, although styled as a habeas petition, it was in fact a second application for bail pending appeal, and was thus barred by § 460.50(3) of the N.Y. Criminal Procedure Law.[10]

In this court's view, Ms. Schettino's case is not necessarily dispositive of this application. In the first place, Justice Wood's interpretation of the habeas application is not that of an appellate court. In the second place, Ms. Foggie presently resides at the Parkside Correctional Facility in Manhattan, within the jurisdiction of the Appellate Division, First Department,

where the *Epton* case presumably still states the applicable law, whatever its ambiguity.

Thus, in view of what this court perceives to be the uncertain state of the law, it would seem best in accordance with the policy expressed in 28 U.S.C. § 2254(b) to require that Ms. Foggie attempt to challenge the constitutionality of § 530.50 [11] by way of a state petition for habeas corpus before she raises that issue in the federal courts. This court will thereby avoid the unnecessary—and perhaps erroneous—interpretation of New York State procedural law which would be implicit in a determination at this time that petitioner has exhausted her remedies in the state courts.

It is true, of course, that by this motion for bail, Ms. Foggie is merely asking for preliminary relief in her federal habeas corpus action, rather than an adjudication of the constitutionality of § 530.50. Petitioner urges that this court should grant such preliminary relief after consideration, for example, of those factors which led Judge Frankel to release Mr. Epton on bail during the pendency of his later motion for federal habeas corpus.[12]

Without denigrating in any respect the substantiality of the issues raised by petitioner or the hardship visited upon her by her continued incarceration (even in a work release facility such as Parkside), this court is of the opinion that the requested preliminary relief is not appropriate at this time. It seems clear, first, from the proceedings before Justice Canudo, that Ms. Foggie would, in all likelihood, be released on bail at this time if it were not for the barrier presented by § 530.50. Thus, if a state court were to rule that § 530.50 is unconstitutional, her release on bail would appear virtually assured.

Secondly, since Ms. Foggie's "right" [13] to be considered for bail is one of the ultimate

---

10. Justice Wood's order is presently being appealed to the Appellate Division, Second Department.

11. Of the N.Y. Criminal Procedure Law.

12. *United States ex rel. Epton v. Nenna,* 281 F.Supp. 388 (S.D.N.Y.1968).

13. "Right" is used only in the sense that the sweeping deprivation of bail effected by § 530.-50 may be constitutionally infirm. There is, of

issues raised by this habeas corpus petition and an issue which (in this court's view) has not been completely exhausted in the New York courts, it seems premature to release her on bail at this time, when that action might discourage resolution of the constitutional question in a state habeas corpus proceeding.[14]

The motion for preliminary relief releasing petitioner Foggie on bail during the pendency of this federal habeas corpus action is accordingly denied at this time, without prejudice to renewal if the New York courts rule that Ms. Foggie may not challenge the constitutionality of § 530.50 of the N.Y. Criminal Procedure Law by way of an application for state habeas corpus relief.

course, no absolute federal constitutional right to bail pending appeal. *Bloss v. Michigan,* 421 F.2d 903, 905 (6th Cir. 1970).

14. In the *Goodman* case, *supra,* the Appellate Division declined to rule on Goodman's application for bail since the federal district court had already admitted him to bail on his habeas corpus petition: "Under these circumstances any determination would be academic and would continue so just as long as the ruling of the District Court remains in effect." Quoted in 456 F.2d at 872. The federal Court of Appeals reiterated in that case that "[t]he considerations of federal-state comity that militate against federal court intervention, by way of habeas corpus, with respect to state court convictions which have not received final state appellate consideration apply with equal force in the context of state court bail processes in pending proceedings . . . ." 456 F.2d at 869. While the intervention urged by petitioner in the instant case is hardly so precipitous as that in *Goodman,* and is in the context of state collateral proceedings rather than direct appeal, this court nonetheless considers the foregoing admonition extremely pertinent to the facts of this case.