Alexander Vitale, J.
This is an application pursuant to CPL 460.50 to suspend the execution of judgment and release the defendant on bail pending appeal from an order, pursuant to CPL article 440, denying the defendant’s application to vacate the judgment herein.
The defendant pleaded guilty to the crime of rape in the third degree on February 1, 1975, and was sentenced to a term of one and one half to three years in State prison.
The following year the defendant commenced a proceeding, pursuant to CPL article 440, to set aside the judgment of conviction, on the grounds that his attorney, Albert Silver, was later discovered to have practiced law without a license. By order dated July 29, 1976, this court denied the defendant’s application, on the grounds that he was not prejudiced by Mr. Silver’s representation.
On September 28, 1976, the Appellate Division granted leave to appeal and the defendant now seeks a stay of the execution of judgment and release on bail pending the determination of the appeal.
It appears from a reading of CPL 460.50 (subd 1) that this court is without jurisdiction to grant such relief. That section states that a stay may be granted, "Upon application of a defendant who has taken an appeal to an intermediate appellate court from a judgment or from a sentence of a criminal court”.
It has been held that the provisions of CPL 460.50 must be *476 strictly construed (Matter of Lefkowitz v Cioffi, 46 AD2d 473, 475; Matter of Rogers v Leff, 45 AD2d 630, 631, app dsmd 38 NY2d 903).
Inasmuch as this application is not an appeal from a judgment or sentence, but rather an appeal from an order of the County Court, there is no provision under CPL 460.50 for this court to grant bail, stay or suspend the execution of the judgment, or the sentence, pending determination of the appeal from the order. (People v Seminara, Supreme Ct, Nassau County, Lynde, J., Oct. 18, 1976.)
While the defendant cites a number of cases where bail was granted, these cases are distinguishable that they either involved appeals from judgments, or were decided under the former Code of Criminal Procedure. Section 527 of the Code of Criminal Procedure provided that a stay could be granted upon: "An appeal to the appellate division of the supreme court from a judgment of conviction, or other determination from which an appeal can be taken”. (Emphasis added.)
Thus while a stay was available on an appeal from an order under the Code of Criminal Procedure, it is not similarly available under the CPL.
The defendant’s application is therefore in all respects denied.