THE PEOPLE OF THE STATE OF NEW YORK ex rel. ARTHUR BAUM, Appellant, v WARDEN OF RIKERS ISLAND, Respondent.

First Department, May 2, 1978

APPEARANCES OF COUNSEL

*Richard Emery* and *Gerald Lefcourt* for appellant.

*Richard A. Finkel* of counsel *(Eugene Gold, District Attorney),* for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Defendant-appellant, having been convicted of a class A-III felony after a trial in Kings County Supreme Court, and receiving an indeterminate sentence of one year to life sought

to challenge by way of habeas corpus, certain aspects of the Criminal Procedure Law.

Defendant seeks this writ to mount an attack upon CPL 530.50 and its unfairness in denying order of recognizance or bail for convictees who had been convicted of class A felony during pendency of appeal. It is interesting to note that a class B felon under an 8-⅓- to 25-year sentence may be accorded such relief, whereas in the instant case the appellant's minimum term under a class A felony conviction is one year. The constitutional question has been decided by the Appellate Division, Second Department *(Matter of Gold v Shapiro,* 62 AD2d 62) when that court, on April 7, 1978, granted a petition to prohibit the respondent justice from signing an order granting bail to respondent Gonzalez following the latter's conviction of, and sentence for, a class A-III felony (see *People v Gonzalez* [decided Feb. 17, 1978]).

Also compare *Matter of Rogers v Leff* (45 AD2d 630) which, however in our judgment, is not dispositive of the constitutional questions raised by CPL 530.50, nor need we reach that issue here.

■ A habeas corpus proceeding tests the legality of an arrest, detention or imprisonment. The defendant's imprisonment is not illegal.

The defendant is being held under a commitment of the Kings County Supreme Court, following conviction in that court. No Judge has admitted defendant to bail and at the time of the decision below, he had not applied for bail to any Judge having jurisdiction to grant it before initiating habeas corpus.

Habeas corpus is not the proper remedy to obtain bail pending appeal from a conviction. *(People ex rel. Epton v Nenna,* 25 AD2d 518; *Matter of Lefkowitz v Cioffi,* 46 AD2d 473.)

■ Nor may we treat this petition for habeas corpus as an application for bail, for the further reason that neither this court nor the Supreme Court in Bronx County has power to entertain a bail application in this case. An application for bail or stay of execution pending an appeal from a judgment or sentence of the Supreme Court to an intermediate appellate court may be made only to a Justice of the Appellate Division of the department in which the judgment was entered (here the Second Department), or a Justice of the Supreme Court of the judicial district embracing the county in which the judg-

ment was entered (here the Second Judicial District) (CPL 460.50, subd 2, par [a]).

And as we have said, the Appellate Division in the Second Department has held CPL 530.50 constitutional. *(Matter of Gold v Shapiro, supra.)* That ruling cannot be avoided by an application in an improper judicial district or department.

Accordingly, the judgment of the Supreme Court, Bronx County (BERNSTEIN, J.), entered February 3, 1978, dismissing petition for a writ of habeas corpus should be affirmed, without costs.

LUPIANO, J. P., SILVERMAN, EVANS, LANE and SANDLER, JJ., concur.

Judgment, Supreme Court, Bronx County, entered on February 3, 1978, unanimously affirmed, without costs and without disbursements.