*619 OPINION OF THE COURT
Herbert A. Posner, J.
Defendant moves for an order suspending the execution of judgment pending appeal and releasing him on bail.
The defendant herein was convicted, after a jury trial, on September 14, 1993 of criminally negligent homicide and criminal possession of a weapon in the third degree. He was sentenced on October 21, 1993 to two concurrent terms of imprisonment of 16 months to 4 years and is currently serving that sentence in Groveland Correctional Facility. His conditional release date is March 18, 1995. Prior to October 21, 1993, the defendant had already served 15 months in prison (awaiting a trial). He was eligible for parole release in January of this year; but for reasons unknown, the Parole Commission denied his request. As of August 31, he had served a total of 24 months — 4 months longer than his codefendant.
A notice of appeal was filed with the Appellate Division, Second Department, on October 28, 1993 and defendant’s case was assigned to appellate council on November 30,1993.
The defendant now moves for a suspension of his sentence (CPL 460.50) and an order granting bail pending the Appellate Division’s review (CPL 510.30). What makes defendant’s application unusual is the fact that he is seeking to be released on bail despite the fact that he is currently serving a State prison sentence.
I.
BACKGROUND
Defendant is a 39-year-old carpenter from the former Republic of Czechoslovakia with no prior criminal history. He has been married for 16 years and has two teenage sons. On information and belief, defendant’s family is financially dependant on him and he has lost his carpentry business as a result of incarceration. Defendant currently had been guaranteed employment with a previous employer, K & K Iron Works, Inc. He now seeks release to reestablish ties with his family and take the necessary steps to regain employment.
His conviction arose from the shooting and subsequent death of Walter Moza which occurred on June 16, 1992 when defendant and a friend, Validmir Nahalka, visited the decedent at his home to inquire about money owed for the installation of a refrigeration unit. The three men were discussing the *620 matter around Mr. Moza’s kitchen table when codefendant Nahalka left the room, returning with beer and a pistol. A few minutes later, Moza was mortally wounded by a pistol shot.
On July 1, 1992, under indictment No. 2793-92, the People charged both men with attempted second degree murder, two counts of first degree assault, first degree criminal use of a firearm and two counts of third degree criminal possession.
While the case was in progress, Moza died as a result of a gunshot wound. This occurred on September 21, 1992.
A short while later, Nahalka pleaded guilty to third degree criminal possession of a weapon in full satisfaction of the indictment and agreed to cooperate with the People.
Thereafter, defendant was indicted under No. 5469-92 and charged with two counts of second degree murder (intentional and depraved indifference), criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. After a jury trial, defendant was acquitted of the two counts of second degree murder and found guilty of the lesser included count of criminally negligent homicide, as well as criminal possession of a weapon.
Defendant now maintains that he has a persuasive appellate argument to the effect that he was not the shooter and such a finder is against the weight of evidence. Consequently, there is strong reason to believe that an appeal will result in a reversal of his conviction and a dismissal of the indictment.
Further, defendant points out that during the lengthy period of the trial, he returned to court, doing so even after conviction, and has thus shown that he would obey the mandates of the court if released on bail. In essence then, defendant maintains that his background and the circumstances of his case justify a release pending determination of his appeal.
II.
THE LEGAL ISSUES
The People do not challenge defendant’s facts and consent to the application for a stay. However, the District Attorney does raise the issue of whether or not the court possesses the power to grant the relief sought. This raises two questions:
(1) Does this court have authority to grant a suspension of judgment pending appeal?
*621 (2) If so, may the court extend this relief to postconviction situations?
As regards the first point, it is clear that the pertinent statute in this case is CPL 460.50. Subdivision (1) broadly sets forth a court’s power to grant a stay of judgment pending appeal and reads: "1. Upon application of a defendant who has taken an appeal to an intermediate appellate court from a judgment or from a sentence of a criminal court, a judge designated in subdivision two may issue an order both (a) staying or suspending the execution of the judgment pending the determination of the appeal, and (b) either releasing the defendant on his own recognizance or fixing bail pursuant to the provision of article five hundred thirty.”
Subdivision (2) indicates what Judges may exercise the above statutory powers. Subdivision (2) (a) is applicable to the present case and reads as follows:
"2. An order as prescribed in subdivision one may be issued by the following judges in the indicated situations:
"(a) If the appeal is to the appellate division from a judgment or a sentence of either the supreme court of the New York City criminal court, such order may be issued by (i) a justice of the appellate division of the department in which the judgment was entered, or (ii) a justice of the supreme court of the judicial district embracing the county in which the judgment was entered.”
A review of subdivision (2) (a) indicates that either a Justice of the Appellate Division or a Justice of the Supreme Court may issue the stay of execution of judgment set forth in section 460.50 (1). While the section grants discretion to a Supreme Court Justice or an Appellate Division Justice to accept or reject such an application, it would appear that the defendant seeking such relief has the discretion to seek relief from either one; but permits such defendant only one opportunity to make his application for a stay of judgment pending appeal. (Cf., Matter of Lefkowitz v Cioffi, 46 AD2d 473, 475.) Since the statute appears to be plain on its face, a Supreme Court Justice, in the absence of special circumstances, should entertain the motion. This view was expressed in People v Meredith (152 Misc 2d 387) and this court endorses such reasoning.
Therefore, the court starts off with the premise that it does possess authority to grant a stay or suspension of judgment pending appeal.
*622 This brings us to the second, and more important, question. Can such relief be granted if a defendant is already serving his sentence?[1] Neither the defendant nor the District Attorney has set forth a case on this point; nor has the court in its individual research been able to find a controlling citation.
In Matter of Van Deusen v Zittell (88 AD2d 736), the Appellate Division, Third Department, held that once a defendant was incarcerated, a court could not, sua sponte, interrupt that sentence, without the defendant moving for a stay. This was so even if an appeal was pending. However, that case did not indicate what would have happened if the defendant had filed such an application for a stay of execution in addition to his notice of appeal. Since both an appeal and a stay have been filed in the present case, it would appear that, lacking precedent, the matter is one of first impression.
The District Attorney contends that this court lacks authority to grant relief in postjudgment situations because of the prohibition enunciated in CPL 430.10. This section reads as follows:
"430.10 Sentence of imprisonment not to be changed after commencement
"Except as otherwise specifically authorized by law, when the court has imposed a sentence of imprisonment and such sentence is in accordance with law, such sentence may not be changed, suspended or interrupted once the term or period of the sentence has commenced.”
On the surface, CPL 430.10 presents a formidable barrier to the relief defendant seeks. Clearly, this court would be interrupting a legal prior sentence and returning defendant to comparative liberty under bail. The defendant’s sentence is from 16 months to 4 years. He would not be conditionally released until March 1995 which would mean that he has approximately 6 more months of incarceration still to serve.
An analysis of CPL 430.10 indicates that this rule applies to all legal sentences unless an exception is authorized by law. The observations by Peter Preiser, Esq. (Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 430.10, at 401) indicates that there are exceptions to the rule, one of which occurs in situations dealing with postjudgment motions. As the Commentaries note (id., at 401) "A sentence of impris *623 onment may of course be changed or modified as a result of a post judgment motion or the appellate process which is obvious not only from the language of the statute — making it applicable only when the sentence is in accordance with the law — but also from the provisions governing appellate determinations and corrective action * * * Additionally, the Court of Appeals has made it clear that, notwithstanding the 'specifically authorized by law’ prerequisite in the statute, change of a commenced sentence of imprisonment may be required as an implied consequence of some other lawfully authorized action”. Further, the Practice Commentaries state "A sentence also may be interrupted by statutorily authorized action that does not specifically provide for interruption — for example, by a stay pending appeal (see CPL §§ 460.50, 460.60)” (ibid. [emphasis supplied]).
An analysis of the statute and the exceptions mentioned in the Practice Commentaries thus indicates that CPL 430.10 does not apply to motions pursuant to CPL 460.50 which is the present application and, hence, is no bar to the relief sought.[2]
Therefore, since CPL 460.50 permits a Supreme Court Justice to grant a stay pending appeal in appropriate cases and does not specifically limit such a stay to preincarceration cases, this court concludes that it does have the power to grant a suspension judgment even in those cases where the defendant is currently serving a sentence of imprisonment in a State correctional facility.
Further, a review of the facts indicates that the defendant satisfies the criteria set forth in CPL 510.30 regarding fitness for bail, a fact conceded by the People. Finally, there appears to be a reasonable possibility that an appellate court might modify or reverse the judgment of conviction previously imposed (CPL 470.15).
Under these circumstances, the court grants defendant’s application to suspend the execution of judgment pending appeal and bail is fixed in the sum of $3,000.

. While sitting 13 years on the Supreme Court Bench, I have always believed that, as a Judge, I no longer could exercise any power over a defendant after he was committed to a State institution. Most of my colleagues also believed this was true.

. What must be borne in mind in this case is that this motion is brought before me as a "Justice of the Supreme Court”, not as the Judge who sentenced defendant. That fact is a coincidence, brought on by the young Legal Aid attorney, who having read the minutes of the trial and sentencing, decided that she might have a better chance of getting her request granted by bringing this application before me. She could have brought this application before any of the 60 Justices sitting in Queens Supreme Court.