(December 13, 2001)

■ In the Matter of JAMES M. CATTERSON, JR., Petitioner, v LOUIS J. OHLIG, as Justice of the Suffolk County Court, et al.,

Respondents. [734 NYS2d 223] —Proceeding pursuant to CPLR article 78, in effect, in the nature of mandamus to compel the respondent Louis J. Ohlig, a Justice of the County Court, Suffolk County, to comply with the provisions of CPL 530.40 (3) in a criminal proceeding entitled *People v Charles Carlson*, pending under Suffolk County Indictment No. 710-01, and immediately commit or remand the respondent Charles Carlson to the custody of the sheriff upon his plea of guilty, entered October 11, 2001, to course of sexual conduct against a child in the first degree under Penal Law § 130.75, and course of sexual conduct against a child in the second degree under Penal Law § 130.80.

Upon the papers filed in support of the petition and the papers filed in opposition thereto, it is

Adjudged that the petition is granted, on the law, without costs or disbursements, the respondent Louis J. Ohlig is directed to comply with the provisions of CPL 530.40 (3) in a criminal proceeding entitled *People v Charles Carlson*, under Suffolk County Indictment No. 710-01, and immediately commit or remand the respondent Charles Carlson to the custody of the sheriff.

In the underlying criminal proceeding, the respondent Charles Carlson pleaded guilty on October 11, 2001, to the crimes of course of sexual conduct against a child in the first degree under Penal Law § 130.75, a class B felony, and course of sexual conduct against a child in the second degree under Penal Law § 130.80, a class D felony. Although it is undisputed that Carlson's plea of guilty was voluntary, knowing, and intelligent, the respondent Justice deferred formal acceptance of the plea until January 3, 2002, to allow Carlson to remain at liberty until after the year-end holidays.

The amended version of CPL 530.40 (3), which took effect February 1, 2001, provides, in relevant part, that "a superior court may not order recognizance or bail, or permit a defendant to remain at liberty pursuant to an existing order, after he [or she] has been convicted of either: (a) a class A felony or (b) any class B or class C felony defined in [Penal Law art 130] committed or attempted to be committed against a person less than eighteen years of age. In either case the court must commit or remand the defendant to the custody of the sheriff." The term "conviction" is defined as "the entry of a plea of guilty to, or a verdict of guilty upon, an accusatory instrument other than a felony complaint, or to one or more counts of such instrument" (CPL 1.20 [13]).

The record reveals that Carlson entered a valid and enforce-

able plea, at the time of the allocution (*see, People v D'Amico,* 147 Misc 2d 731, *affd* 179 AD2d 671), to a class B felony which was committed or attempted to be committed against a person less than 18 years of age. Therefore, the respondent Justice had no authority to circumvent the automatic remand provisions of CPL 530.40 (3). Goldstein, J. P., Florio, McGinity and H. Miller, JJ., concur.