OPINION OF THE COURT
John P. DiBlasi, J.
Amended in 2000 as part of the Sexual Assault Reform Act, and effective February 1, 2001, CPL 530.50 provides that:
“A judge who is otherwise authorized pursuant to section 460.50 or section 460.60 to issue an order of *615 recognizance or bail pending the determination of an appeal, may do so unless the defendant received a class A felony sentence or a sentence for a felony, other than a class D or class E felony, defined in article one hundred thirty of the penal law and committed or attempted to be committed against a person less than eighteen years of age” (Emphasis supplied.)
In what appears to be a case of first impression, this court must determine whether this statute denies it authority to fix conditions for the release from custody of a criminal defendant pending his appeal of a jury verdict that he committed multiple sexual assault crimes involving an 11-year-old victim. Notwithstanding the allegations made by defendant of numerous serious errors by the trial court which are not disputed, or even addressed, by the People, the court concludes that CPL 530.50 absolutely bars it from granting defendant any relief on his motion for release on his own recognizance or on bail pending the appeal of his criminal conviction.
I. Factual Background
Following his arrest on March 8, 2000 on charges involving sexual assaults upon a child, defendant was released on bail in the amount of $10,000. Upon his arraignment on a 36-count indictment including, inter alia, class B felonies, his bail was increased to $20,000, which he posted. It is undisputed that at no time while he was released on bail did defendant, a long-distance truck driver, ever fail to appear in court when required.
A jury trial was conducted in this case from approximately April 30 to June 8, 2001. On the last day of trial, the jury returned guilty verdicts on 14 counts of the indictment, including those for sodomy in the first degree, sodomy in the second degree, two counts of rape in the first degree, three counts of rape in the second degree, aggravated sexual abuse in the first degree, aggravated sexual abuse in the third degree, two counts of sexual abuse in the first degree, and sexual abuse in the second degree. Defendant was remanded for sentencing. On September 14, 2001 he was sentenced to consecutive prison terms on all but three of the counts. His aggregate sentence, if served, will keep defendant in New York State prison for well beyond his life expectancy.
Following his sentencing defendant, acting pro se, filed papers with this court seeking an order releasing him on his *616 own recognizance or on bail pending his appeal from his conviction.[1] After concluding that defendant could choose this court,[2] which did not preside at his trial, to hear this motion, and determining that defendant’s submissions to that date had been made ex parte, the court established a schedule for defendant’s service of papers upon the People and for the service of opposition and reply papers.
In his moving papers, defendant asserts that the trial court committed numerous errors which, considered separately or together, will result in the reversal of his conviction. These include, inter alia, the Trial Judge’s: (1) statement to the jury during the selection process that he had been the victim of sexual assault, and his subsequent denial of a motion to recuse himself based upon that disclosure; (2) denial of challenges for cause against jurors who were themselves, or were related to individuals who had been, victims of child sexual abuse; (3) question to defendant’s counsel, during defendant’s testimony, as to whether defendant’s denials of improper conduct with the victim included “Presidential Sex”;[3] and (4) alleged coercion of a verdict by threatening to hold the jury for deliberations be *617 yond a previously promised date, which would have caused one of the deliberating jurors to miss a wedding she was to attend.[4]
Relying upon CPL 460.50 and 510.30 (2) (a) and (b), defendant argues that in this court’s discretion it should release him either on his own recognizance or on a reasonable amount of bail pending his appeal.[5]
[6]In his view, upon considering the merits of his claims of error by the trial court and his record of appearing as required while on bail awaiting trial, this court must conclude that he is entitled the relief he seeks on his motion.® Even if defendant is correct that his circumstances warrant the fixing of bail pending appeal, that fact is without consequence because this court lacks the statutory authority to grant him relief.
II. Discussion
Because “there is no constitutional right to bail after conviction” (Matter of Gold v Shapiro, 62 AD2d 62, 65 [2d Dept 1978], affd 45 NY2d 849 [1978]), defendant’s “right to bail [in this *618 case] is limited by the statutory provisions empowering th[is] court to consider such [an] application” (Matter of Rogers v Leff, 45 AD2d 630, 631 [1st Dept 1974], lv denied 36 NY2d 665 [1975], appeal dismissed 38 NY2d 903 [1976]). Thus, defendant is correct in seeking that relief under CPL 460.50.
Nevertheless, while release on recognizance or on bail following conviction is authorized by section 460.50, it is not permitted in all circumstances. Indeed, as recognized by CPL 510.30 (1):
“Determinations of applications for recognizance or bail are not in all cases discretionary but are subject to rules, prescribed in article jive hundred thirty and other provisions of law relating to specific kinds of criminal actions and proceedings, providing (a) that in some circumstances such an application must as a matter of law be granted, (b) that in others it must as a matter of law be denied and the principal committed to or retained in the custody of the sheriff, and (c) that in others the granting or denial thereof is a matter of judicial discretion.” (Emphasis supplied.)
Among the provisions which require denial of bail applications pending appeal is section 530.50 (see, Matter of Gold v Shapiro, supra, 62 AD2d at 68). By its terms, notwithstanding the general bail provision set forth in section 460.50, section 530.50 denies bail to any person, such as defendant at bar, who has been sentenced for, inter alia, class B felonies defined in Penal Law article 130 which were committed against a person less than 18 years old.
That this conclusion is warranted follows from the leading decision applying the former version of section 530.50. There, in Matter of Gold v Shapiro (supra, 62 AD2d at 68), the Court ruled that former “CPL 530.50 create[d] an absolute bar to the granting of bail to all person [s] who have received A felony sentences,” including those convicted of class A-III drug felonies, a category of crime created with the enactment of the “Rockefeller Drug Laws,” thereby preventing a court from fixing bail for such a defendant.[7]
Equally persuasive is the decision rendered just two months ago in Matter of Catterson v Ohlig (289 AD2d 344 [2d Dept *619 2001]), where the Appellate Division, Second Department, interpreted another provision enacted as part of the Sexual Assault Reform Act. In Catterson, the defendant entered a guilty plea to a class B felony as defined by Penal Law article 130, committed or attempted to be committed against a person under age 18. In order to permit the defendant to remain at liberty until after the year-end holidays, the trial court deferred formal acceptance of his plea until after the New Year. In response, the Suffolk County District Attorney commenced a CPLR article 78 proceeding against the Trial Judge, seeking to compel him to comply with the provisions of CPL 530.40 (3), by remanding defendant pending his sentencing.
Section 530.40 (3) requires that in certain circumstances a defendant be committed to custody to await sentencing following his conviction. Like section 530.50, section 530.40 (3) previously denied release on recognizance or on bail only following conviction for a class A felony. As amended in 2000, section 530.40 (3) now provides, in relevant part, that:
“a superior court may not order recognizance or bail, or permit a defendant to remain at liberty pursuant to an existing order, after he has been convicted of either: (a) a class A felony or (b) any class B or class C felony defined in article one hundred thirty of the penal law committed or attempted to be committed against a person less than eighteen years of age. In either case the court must commit or remand the defendant to the custody of the sheriff.” (Emphasis added.)
For the purposes of this provision, the general definition of the term “conviction” applies, which includes “the entry of a plea of guilty to * * * an accusatory instrument other than a felony complaint, or to one or more counts of such instrument” (CPL 1.20 [13]).
Faced with the District Attorney’s challenge in Catterson, the reviewing Court focused upon the only two relevant factors under section 530.40 (3). Thus, it noted that the defendant “entered a valid and enforceable plea, at the time of the allocution,” and that the conviction was for “a class B felony which was committed or attempted to be committed against a person less than 18 years of age” (Matter of Catterson v Ohlig, supra, 289 AD2d at 346). Based upon the existence of those two factors, the Appellate Division held that the trial court “had no authority to circumvent the automatic remand provisions of CPL 530.40 (3)” (id.).
*620 The same analysis governs the application of defendant at bar. Following his trial, he was sentenced for class B felony crimes, which are classified higher than a class D or E felony, as defined in Penal Law article 130, and which were committed against a person under the age of 18. Given these undisputed facts, this court has no authority to release defendant on his own recognizance or on bail pending his appeal (CPL 530.50; see, Matter of Gold v Shapiro, supra, 62 AD2d at 68; see also, Matter of Catterson v Ohlig, supra, 289 AD2d at 345).
III. Conclusion
The defendant in this case has offered what could be considered compelling grounds in support of his position that he should be released on bail while he pursues an appeal from his criminal conviction. Seeking such relief from this court, he asserts that “it is within this Court’s jurisdiction under CPL § 460.50, 460.60 and 510.30, in this Court’s discretion and in the interest of justice to stay sentence pending appeal and release [him] ROR or at least at the bail previously imposed prior to trial” (Reply Affidavit, at 6). Unfortunately for him, this State’s Legislature has determined that individuals convicted of certain serious sexual assault crimes against children “represent! ] * * * an insular group” as to whom “the entitlement of postconviction bail” shall not be extended (see, Matter of Gold v Shapiro, supra, 62 AD2d at 65, 68). Since “[t]he determination of which offenses shall be bailable [after conviction] is primarily a question for the Legislature,”[8] which has “absolute [ly] bar [red]” this court from releasing defendant under any conditions pending the appeal from his conviction, the merits of his application may not be considered, and defendant’s motion is denied in all respects (see, id. at 68).

. Defendant’s motion for poor person relief, including the assignment of appellate counsel, was denied by the Appellate Division, Second Department, on December 10, 2001, based, according to the People, upon their opposition argument that he “failed to provide information indicating his then-current financial status” (Gervasio Affirmation, at 4). Although defendant claims that reargument on his application was heard on January 25, 2002, because he does not yet have counsel, throughout the motion practice before this court defendant has represented himself.

. CPL 460.50 provides that, in circumstances such as those involved at bar, a motion for bail pending appeal may be made to “a justice of the supreme court of the judicial district embracing the county in which the judgment was entered” (CPL 460.50 [2] [b] [ii]). Although this court’s research disclosed no appellate authority directly addressing the issue, it agreed with defendant that he was entitled to have this court rule upon his motion, based upon the decisions of two nisi prius courts (People v Meredith, 152 Misc 2d 387, 390 [Sup Ct, Kings County 1991] [“the Legislature has clearly authorized the defendant to choose among a broad number of trial and appellate Judges and that decision is not one that can be usurped by a Judge through the mechanism of transferring the application to the Judge who presided over the case”]; People v Blaho, 162 Misc 2d 618, 621 [Sup Ct, Queens County 1994] [same]).

. As alleged by defendant, supported by the affirmation of his trial counsel, who is an officer of the court, and not denied by the People, the trial court stated “in essence, if not verbatim, that since former President Clinton did not consider “blow jobs’ * * * as sex, would [defense counsel] like that exception to be included in [defendant’s] denial?” (Gerber Affirmation para 25.)

. Defendant asserts that there were other improper comments made by the Trial Judge, including those of a sexual nature, and that he made various other evidentiary rulings, which also deprived him of a fair trial. Because, as discussed below, this court cannot consider the merits of his motion, the complete list of the 18 claims of error is not set forth herein.

. In his papers-in-chief and reply affidavit, defendant also cites CPL 460.60 in support of his position. That statute is without relevance to his application. Rather, it provides the statutory basis for relief, including the type sought herein, pending appeal to the Court of Appeals from a decision rendered by the Appellate Division.

. Remarkably, in lieu of addressing the serious allegations made by defendant and his trial counsel concerning the conduct of the Trial Judge, the People preface their argument that defendant’s motion must be summarily denied with the statement that, “By this application, defendant seeks to be the only convicted felon, out of approximately 400 defendants in Westchester County who have felony appeals pending, to receive such remarkable relief’ (People’s Mem, at 6). If intended to have an in terrorum effect upon this court, by implying that in granting the motion this court would be seen as expressing a view that could be interpreted as supporting a sexual predator, or as being “pro-defendant,” this argument fails. Just as it is the District Attorney’s “fundamental obligation * * * to seek justice, not merely to obtain a conviction” (People v Miller, 149 AD2d 439, 440 [2d Dept 1989]), so too is it this court’s duty “to apply the law, not to represent or champion the cause of a particular constituency” (see, Cox v Katz, 22 NY2d 903, 905 [1968], cert denied 394 US 919 [1969]). Assuming, then, that grounds for relief existed, the fact that no other presently-appealing criminal defendant in this County has been granted bail pending appeal, would be a wholly unpersuasive ground for denial of the instant motion, since such applications are obviously fact-driven, and must turn in part upon the merit of the particular defendant’s claim of reversible error (see, People v Kern, 137 AD2d 862, 863 [2d Dept 1988]).

. Prior to its amendment in 2000, section 530.50 provided that: “A judge who is otherwise authorized pursuant to section 460.50 or section 450.60 to issue an order of recognizance or bail pending the determination of an appeal, may do so unless the defendant received a class A felony sentence.”

. Although the Legislature’s authority is not beyond constitutional challenge, defendant has not made such an attack in this case. Indeed, given the analysis of the Court in Matter of Gold v Shapiro (supra), in applying former section 530.50 to class A-III crimes, a constitutional challenge to the present statute would be of doubtful merit.