[783 NYS2d 386]

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN A.J. HINS-PETER, Appellant, v DANIEL A. SENKOWSKI, as Superintendent of Clinton Correctional Facility, Respondent.

Second Department, October 4, 2004

APPEARANCES OF COUNSEL

*Kevin P. Gilleece*, White Plains, for appellant.

*Jeanine Pirro, District Attorney*, White Plains (*Edward D. Saslaw* and *Richard E.Weill* of counsel), for respondent.

## OPINION OF THE COURT

Cozier, J.

The appellant is a convicted sex offender who is ineligible for postconviction bail pending appeal pursuant to CPL 530.50. After the Supreme Court denied his request for postconviction bail pending appeal (*see People v Hinspeter*, 190 Misc 2d 614 [2002]), the appellant commenced this habeas corpus proceeding challenging the constitutionality of CPL 530.50. The Supreme Court, reaching the merits of the petition, dismissed the proceeding (*see People ex rel. Hinspeter v Senkowski*, 194 Misc 2d 302 [2002]). This appeal followed.

This Court is presented with an issue of first impression— whether habeas corpus relief is available to challenge the constitutionality of CPL 530.50 (amended by L 2000, ch 1, § 14 [Sexual Assault Reform Act]), following the mandatory denial of postconviction bail pending appeal. For the reasons set forth herein, we find that habeas corpus review is unavailable under the circumstances presented.

## Background

The appellant was arrested on sexual assault charges involving a child less than 14 years old, and was subsequently released on bail in the sum of $10,000. Following his arraignment on a 36-count indictment, the appellant's bail was increased to $20,000, which he posted. It is undisputed that the appellant appeared in court whenever required while released on bail.

After a jury verdict finding the appellant guilty with respect to 14 counts of the indictment, including sodomy in the first and second degrees, rape in the first and second degrees, aggravated sexual abuse in the first and second degrees, and sexual abuse in the first and second degrees, he was immediately remanded without bail. At sentencing, the Supreme Court imposed a term of incarceration in excess of 50 years.

Following sentencing, the appellant pro se sought a stay of execution of judgment, upon posting bail pending his appeal, before a different Supreme Court Justice in the county where judgment was entered, pursuant to CPL 460.50. The Supreme Court (DiBlasi, J.) denied the application for bail pending appeal (*see People v Hinspeter*, 190 Misc 2d 614 [2002]). Justice DiBlasi concluded that there was no constitutional right to bail after conviction and that CPL 530.50 explicitly barred the granting of bail to defendants, such as the appellant, who were convicted of serious sexual assault crimes against a person less than 18 years old. As such, Justice DiBlasi held that the Supreme Court was without any authority to grant the relief requested.

Thereafter, the appellant commenced this habeas corpus proceeding before the same court challenging the constitutionality of CPL 530.50. According to the appellant, CPL 530.50 violated the Eighth Amendment, as well as the state and federal Equal Protection and Due Process Clauses, by denying bail to defendants convicted of class B or C felony sex crimes involving victims under 18 years old, while permitting bail to defendants convicted of the same felonies involving victims 18 years and older, and to defendants convicted of class D or E felony sex crimes involving victims less than 18 years old. On December 11, 2002, the Supreme Court denied the habeas corpus petition and dismissed the proceeding, finding that CPL 530.50 did not violate any of the appellant's constitutional rights (*see People ex rel. Hinspeter v Senkowski, supra*).

## Discussion

On appeal, the appellant maintains that CPL 530.50 violates the Eighth Amendment, as well as the federal and state Equal Protection and Due Process Clauses. The respondent maintains that the Supreme Court properly denied the petition since there is no constitutional right to postconviction bail, and that the statute was rationally related to the State's interest in protecting children against recidivist sex offenders. In addition, the respondent contends that a habeas corpus proceeding is an inappropriate vehicle to challenge the constitutionality of CPL 530.50, and that such review is limited to whether the denial of bail was an abuse of discretion or a violation of the constitutional prohibition against excessive bail or the arbitrary refusal of bail.

CPL 460.50 (1), in relevant part, states:

"Upon application of a defendant who has taken an appeal to an intermediate appellate court from a judgment or from a sentence of a criminal court, a judge designated in subdivision two may issue an order both (a) staying or suspending the execution of the judgment pending the determination of the appeal, and (b) *either releasing the defendant on his own recognizance or fixing bail pursuant to the provisions of article five hundred thirty.*" (Emphasis added.)

CPL 530.50, as amended in 2000* as part of the Sexual Assault Reform Act (L 2000, ch 1, § 14), provided:

"A judge who is otherwise authorized pursuant to [CPL] section 460.50 or section 460.60 to issue an order of recognizance or bail pending the determination of an appeal, may do so *unless the defendant received a class A felony sentence or a sentence for a felony, other than a class D or class E felony, defined in article one hundred thirty of the penal law and committed or attempted to be committed against a person less than eighteen years of age.*" (Emphasis added.)

While the New York State Court of Appeals has held that a habeas corpus proceeding is an appropriate vehicle to review the denial of preconviction bail (*see People ex rel. Klein v Krueger*, 25 NY2d 497, 499 [1969]), the Court of Appeals has yet to rule on the issue of whether such relief extends to the denial of postconviction bail.

CPLR 7010 (b) states:

"If the person detained has been admitted to bail but the amount fixed is so excessive as to constitute an abuse of discretion, and he is not ordered discharged, the court shall direct a final judgment reducing bail to a proper amount. *If the person detained has been denied bail, and he is not ordered discharged, the court shall direct a final judgment admitting him to bail forthwith, if he is entitled to be admitted to bail as a matter of right, or if it appears that the denial of bail constituted an abuse of discretion.* Such judgment must fix the amount of

---

* Although not relevant to this appeal, it should be noted that CPL 530.50 was further amended in 2003 (L 2003, ch 264, § 48).

bail, specify the time and place at which the person detained is required to appear, and order his release upon bail being given in accordance with the criminal procedure law." (Emphasis added.)

Although CPLR 7010 (b) provides for habeas corpus review of excessive bail or the denial of same, the statute fails to distinguish between pre- and postconviction bail. The scope of review in a habeas corpus proceeding is limited to whether the denial of bail violated the constitutional or statutory standards inhibiting excessive bail, or the arbitrary refusal of bail (*see People ex rel. Rosenthal v Wolfson*, 48 NY2d 230, 232 [1979]; *People ex rel. Weisenfeld v Warden, N.Y. Detention Facility at Riker's Is.*, 37 NY2d 760, 760-761 [1975]; *People ex rel. Klein v Krueger, supra* at 499).

First, the appellant failed to demonstrate that he is entitled to bail "as a matter of right" under CPLR 7010 (b) since there is no constitutional right to bail after conviction (*see Matter of Gold v Shapiro*, 62 AD2d 62, 65 [1978], *affd* 45 NY2d 849 [1978]). The right to bail in New York is "purely statutory" and is governed by article 530 of the Criminal Procedure Law (*People ex rel. Calloway v Skinner*, 33 NY2d 23, 33-34 [1973]).

Second, the denial of bail pending appeal under CPL 530.50 was not an abuse of discretion since the Supreme Court was without statutory authority to grant such relief. The express language of CPL 530.50 prohibits a court from granting bail pending appeal to any defendant convicted of a class B or C felony sex crime involving a victim under 18 years of age.

In *Matter of Gold v Shapiro (supra)*, a proceeding pursuant to CPLR article 78 to prohibit a Justice of the Supreme Court from granting bail pending appeal, the issue before this Court was whether the Legislature's determination, pursuant to the former CPL 530.50 provision, not to extend the entitlement of postconviction bail to those persons who received class A-III felony sentences was constitutionally defective. This Court found that there is no constitutional right to bail after conviction, and that while a state may afford an appellant the opportunity for bail, there are offenses of a certain nature wherein the state may properly refuse to make a provision for the right to bail (*id.* at 65-67).

This Court further noted in *Gold* that "[t]he determination of which offenses shall be bailable is primarily a question for the Legislature and exists independently of whether the particular offender is a serious absconding risk" (*id.* at 68). Accordingly,

this Court granted the petition pursuant to CPLR article 78, holding that CPL 530.50 was constitutional, and that the respondent Justice was without authority to consider an application for bail after a conviction and sentence for a class A-III felony (*id.* at 67-68).

CPL 460.50 (3) limits a defendant to make one application for bail pending appeal (*see Matter of Lefkowitz v Cioffi*, 46 AD2d 473, 475 [1975]). There is no statutory right to appeal the denial of such application (*see* CPL 450.20). Here, this habeas corpus proceeding is a second attempt by the appellant to seek bail pending appeal following the mandatory denial of such relief under CPL 530.50.

We hold that habeas corpus relief is not available to challenge the constitutionality of CPL 530.50 following the mandatory denial of postconviction bail pending appeal. Therefore, while the Supreme Court properly denied the petition, it should have done so without reaching the merits.

Accordingly, the judgment is affirmed, without costs or disbursements.

H. MILLER, J.P., GOLDSTEIN and ADAMS, JJ., concur.

Ordered that the judgment is affirmed, without costs or disbursements.